**STATE of Missouri, Respondent,**

**v.**

**Randall E. RALSTON, Appellant.**

**No. WD 58025.**

Missouri Court of Appeals, Western District.

March 13, 2001.

Craig A. Johnston, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Susan K. Glass, Asst. Atty. Gen., Kansas City, for respondent.

Before ULRICH, P.J., ELLIS and EDWIN H. SMITH, JJ.

ULRICH, Presiding Judge.

Randall Ralston appeals the judgment of the circuit court following a hearing denying his Rule 29.07 motion to withdraw his guilty plea and sentence to a term of fifteen years imprisonment. Mr. Ralston

pleaded guilty to possession of a controlled substance, section 195.020, RSMo 1986 (repealed 1989). He claims his guilty plea was unknowing, unintelligent, and involuntary because the plea court incorrectly advised him regarding the maximum range of punishment. Mr. Ralston also claims that the circuit court erred in ruling that the issues asserted in his Rule 29.07 motion should have been raised in a timely Rule 24.035 motion. Finally, Mr. Ralston alleges that the circuit court erred in sentencing him to a term of 15 years imprisonment because it found that prior and persistent and prior drug offender statutes were not applicable, and, therefore, the maximum sentence provided by the law was seven years. The judgment of the circuit court is reversed, and the case is remanded.

The legal history of this case is protracted, tortuous, confusing, and unusual. Mr. Ralston was first convicted of possession of a controlled substance (methamphetamine), section 195.020, RSMo 1986 (repealed 1989), following his guilty plea on July 25, 1989, and was sentenced as a prior, persistent, and class X offender to 15 years imprisonment. Execution of sentence was suspended, and Mr. Ralston was placed on five years probation. His probation was revoked on April 18, 1991, and his sentence was ordered executed. On May 26, 1992, Mr. Ralston's conviction and sentence were vacated based on his Rule 24.035 motion, and the case was remanded for trial.

Following a change of venue from Adair to Linn County, Mr. Ralston entered a guilty plea to an amended information charging possession of a controlled substance, section 195.020, RSMo 1986 (repealed 1989), on November 16, 1992, and was sentenced as a prior and persistent offender and as a prior drug offender to 20 years imprisonment. Execution of sentence was again suspended, and Mr. Ralston was placed on probation for five years. Mr. Ralston's probation was revoked on June 12, 1995, and his 20–year

sentence was ordered executed. Mr. Ralston filed a second Rule 24.035 motion for postconviction relief, which was denied as untimely on June 18, 1996. *Ralston v. State,* 924 S.W.2d 49 (Mo.App. W.D.1996).

Thereafter, Mr. Ralston filed a petition for a writ of habeas corpus in the Circuit Court of Randolph County, which was sustained on August 26, 1999. The court found that the maximum penalty provided by law was 15 years imprisonment. As such, the habeas court found that the sentencing court had been without jurisdiction to impose a sentence of 20 years imprisonment, vacated Mr. Ralston's sentence, and remanded the case to the Circuit Court of Linn County for resentencing.

Before Mr. Ralston was sentenced for the third time, he filed his Rule 29.07 motion to withdraw his November 1992 guilty plea on October 12, 1999. Mr. Ralston alleged that his guilty plea was unknowing and involuntary because he had been incorrectly advised regarding the possible maximum sentence for his offense. He claimed that he would not have pleaded guilty but would have gone to trial had he been informed that the correct maximum penalty for the offense was 15 years imprisonment and not 30 years as he was advised.

An evidentiary hearing was held on December 13, 1999, to consider Mr. Ralston's Rule 29.07 motion. Following the hearing, the circuit court denied Mr. Ralston's motion finding that "[d]ocumentation in court file does not support defendant's contention that he was informed the range of punishment was 30 years." The circuit court then sentenced Mr. Ralston to a term of 15 years imprisonment. This appeal followed.

■ In this first point on appeal, which is dispositive, Mr. Ralston claims that the circuit court clearly erred in denying his Rule 29.07 motion to withdraw his guilty plea. He contends that his guilty plea was unknowing, unintelligent, and involuntary because the plea court incorrect-

ly advised him regarding the maximum range of punishment. Mr. Ralston also claims that the circuit court erred in ruling that the issues asserted in his Rule 29.07 motion should have been raised in a timely Rule 24.035 motion.

■ Rule 29.07(d) provides:

A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

Rule 29.07(d). A defendant does not have an absolute right to withdraw a guilty plea. *State v. Taylor*, 929 S.W.2d 209, 215 (Mo. banc 1996), *cert. denied*, 519 U.S. 1152, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997). "The ultimate test whether a plea should be set aside is whether it was made unintelligently and involuntarily." *State v. Nielsen*, 547 S.W.2d 153, 159 (Mo.App.1977). A defendant should be permitted to withdraw a guilty plea only in extraordinary circumstances where the defendant has been misled or induced to plead guilty by fraud, mistake, misapprehension, coercion, fear, persuasion, or the holding out of false hopes. *Taylor*, 929 S.W.2d at 215. The defendant must prove by a preponderance of the evidence that his plea was entered unintelligently and involuntarily. *Johnson v. State*, 607 S.W.2d 185, 186 (Mo.App. E.D.1980).

■ Whether to permit a defendant to withdraw a plea of guilty is within the sound discretion of the trial court. *Sharp v. State*, 908 S.W.2d 752, 754 (Mo.App. E.D.1995). In reviewing the denial of a Rule 29.07 motion to withdraw a guilty plea, the reviewing court is to determine whether the trial court abused its discretion or was clearly erroneous. *Taylor*, 929 S.W.2d at 215; *Sharp*, 908 S.W.2d at 755.

■ An initial matter that must be addressed is whether Mr. Ralston's claim was properly raised in the Rule 29.07 motion to withdraw his guilty plea. The trial court alluded to and the State claims in this appeal that the issue should have been raised in a timely Rule 24.035 motion for postconviction relief.[1] While Rule 24.035 provides the exclusive remedy for claims that the court imposing the sentence was without jurisdiction to do so or that the sentence imposed was in excess of the maximum sentence authorized by law,[2] the claim in this case was that Mr. Ralston's guilty plea was entered unintelligently and involuntarily because he received incorrect advice at the guilty plea hearing regarding the maximum range of punishment. Rule 29.07 provides that a motion to withdraw a guilty plea may be made before sentence is imposed. Rule 29.07(d). Where a judgment remanding a case for resentencing neither affirms or reverses the guilty plea, the sentencing court can consider a Rule 29.07 motion. *Taylor*, 929 S.W.2d at 215; *State v. Nunley*, 923 S.W.2d 911, 919 (Mo. banc 1996), *cert. denied*, 519 U.S. 1094, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997). In this case, Mr. Ralston filed his Rule 29.07 motion to withdraw his guilty plea after the Circuit Court of Randolph County sustained his petition for writ of habeas corpus, vacated his sentence, and remanded the case to the Circuit Court of Linn County for resentencing. The judgment remanding the cause to Linn County Circuit Court did not affirm or reverse Mr. Ralston's guilty plea. The habeas court specifically remanded the case for resentencing, not for a new plea hearing. Thus, the sentencing court in this case could consider Mr. Ralston's Rule 29.07 motion to withdraw his guilty plea.

---

1. The transcript of the hearing on the 29.07 motion and the docket sheet of the court's judgment are unclear as to whether the trial court actually relied on this finding to deny the motion.

2. Rule 24.035(a).

In his motion to withdraw his guilty plea, Mr. Ralston alleged that his guilty plea was not voluntarily or knowingly entered because he was misled or induced to plead guilty by misapprehension or mistake. Specifically, he contended that he was incorrectly informed that the maximum penalty possible for the charged offense was 30 years imprisonment when the actual maximum possible penalty was 15 years imprisonment as found by the habeas court. He further contended that had he been properly advised that he faced a maximum of 15 years imprisonment for the offense, he would not have pleaded guilty pursuant to a plea bargain that offered a sentence recommendation of 20 years and would instead have gone to trial.

▬▬▬ Rule 24.02 requires that before a plea of guilty may be accepted in a criminal case, the defendant must be informed of "[t]he nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the *maximum possible penalty provided by law*." Rule 24.02(b)(1)(emphasis added). "Among the purposes of Rule 24.02 is the intention that the court be convinced that the defendant understands the specific charges and the maximum penalty confronting him and that the defendant recognizes that by pleading guilty, he waives a number of legal rights." *Steinle v. State*, 861 S.W.2d 141, 143 (Mo. App. W.D.1993). Failure to comply with the formal requirements of Rule 24.02(b) alone, however, does not necessarily require that the guilty plea be set aside. *Id.; Dean v. State*, 901 S.W.2d 323, 328 (Mo. App. W.D.1995). The defendant must have been prejudiced by the violation. *Id. See also United States v. Timmreck*, 441 U.S. 780, 785, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979)(collateral relief is not available when all that is shown is a failure to comply with the formal requirements of Federal Rule 11, which is similar to Rule

24.02(b); prisoner did not argue that if he had been properly advised of the mandatory special parole term by the trial judge, he would not have pleaded guilty). An affirmative misstatement of the maximum possible sentence must have been material to the defendant's decision to plead guilty to compel the withdrawal of the plea. *Id.*

The State claims that the circuit court did not incorrectly advise Mr. Ralston regarding the range of punishment for the charged crime. It contends that 30 years imprisonment was the maximum possible penalty Mr. Ralston faced for possession of a controlled substance as a prior drug offender and a prior and persistent offender. The State's contention, however, is incorrect.

▬▬▬ Mr. Ralston was originally charged as a prior drug offender and a prior and persistent offender with possession of a controlled substance, section 195.020, RSMo 1986 (repealed 1989). At the time of the commission of the crime and of his first guilty plea, the crime carried a sentence of imprisonment up to 20 years and was a class A felony for purposes of the enhancement provisions of section 558.016. §§ 195.200.1(1), RSMo 1986 (repealed 1989) and 557.021.3(1)(a), RSMo 1986. Before vacation of his conviction and sentence in May 1992 and his second guilty plea in November 1992, however, sections 195.020 and 195.200 were repealed by the Comprehensive Drug Control Act of 1989.[3] Section 195.202 of that Act reclassified possession of a controlled substance as a class C felony. § 195.202.2, RSMo Cum.Supp.1989. The maximum authorized term of imprisonment for a prior and persistent offender convicted of a class C felony was 15 years under section 558.016. § 558.016.6(3), RSMo 1986. The State contends, however, that Mr. Ralston was also a prior drug offender, which car-

**3.** "Under section 1.160, RSMo 1994, a defendant is to be tried for the offense as defined by the law that existed at the time of the offense, but is to be punished in accordance with the amended law if the punishment prescribed has been reduced prior to the original sentencing." *State v. Myers*, 989 S.W.2d 594, 596–597 (Mo.App. E.D.1999).

ried an additional sentence enhancement. Under section 195.285, a person convicted of possession of a controlled substance under section 195.202.2 shall be sentenced to the authorized term of imprisonment for a class B felony if the court finds the person to be a prior drug offender. § 195.285.1, RSMo, 1994. Section 195.275 provides that the provision of section 195.285 "shall not be construed to affect and may be used in addition to the sentencing provisions of sections 558.016 and 558.019, RSMo." § 195.275.4, RSMo 1994. Thus, the State argues, for purposes of enhancement under section 558.016, Mr. Ralston's offense was a class B felony, which carried an authorized maximum term of imprisonment of 30 years for a prior and persistent offender. § 558.016.6(2), RSMo 1986. A sentence enhancement under section 195.285, however, does not reclassify the underlying conviction. *Davis v. State*, 860 S.W.2d 388, 389 (Mo.App. E.D.1993); *State v. Richardson*, 838 S.W.2d 122, 126 (Mo. App. E.D.1992). Although section 195.285 directed a class B felony sentence for Mr. Ralston, a prior drug offender convicted of the class C felony possession of a controlled substance, it did not reclassify the underlying conviction, which remained a class C felony as defined in section 195.202.2. Thus, the maximum possible penalty under the enhancement provision of section 558.016 for the charged crime in this case was 15 years imprisonment.

The transcript of the guilty plea hearing demonstrated that the plea court incorrectly advised Mr. Ralston that the maximum possible penalty for the charged offense was 30 years imprisonment:

> THE COURT: I've asked the prosecuting attorney to explain the range of punishment involved here based on the findings that have been declared by the Court to be a prior drug offender and a prior persistent offender, that the range of punishment is a minimum of five years in prison and a maximum of 30 years in prison. Is that your understanding of the range of punishment?

> THE DEFENDANT: Yes, sir.

In its judgment denying Mr. Ralston's motion to withdraw his guilty plea, the circuit court found that the record did not support Mr. Ralston's contention that he was informed that the maximum penalty possible for possession of a controlled substance was 30 years. Based on the record, this finding was clearly erroneous and an abuse of discretion.

Mr. Ralston's guilty plea may have been rendered unintelligent and involuntary by the incorrect information regarding the maximum penalty provided by law for the charged offense. *See Wiles v. State*, 812 S.W.2d 549, 551 (Mo.App. S.D.1991)(where defendant was incorrectly informed that maximum punishment for charged offenses was life imprisonment rather than 30 years imprisonment, his guilty plea may have been rendered involuntary); *Perryman v. State*, 755 S.W.2d 598, 602 (Mo. App. W.D.1988)(where defendant was advised that maximum penalty for charged offense was 60 years imprisonment and maximum punishment may have only been 15 years imprisonment, defendant's guilty plea may have been involuntary). After being informed that the maximum possible punishment for the charged offense was greater than the maximum penalty provided by law, Mr. Ralston pleaded guilty under a plea agreement offering a sentence recommendation of a term of imprisonment greater than authorized by law. He was effectively informed that the risk of going to trial was greater than it actually was. Such misinformation may have induced him to plead guilty or may have been a material factor in his decision to plead. Mr. Ralston must be given an opportunity to demonstrate that the plea court's incorrect advice regarding the maximum possible punishment prejudiced him. The judgment of the circuit court denying Mr. Ralston's Rule 29.07 motion to withdraw his guilty plea and the sentence of 15 years imprisonment are reversed, and the case is remanded to the circuit court for proceedings and findings

regarding whether the misstatement of the maximum punishment for the offense rendered Mr. Ralston's guilty plea unintelligent and involuntary.

ELLIS and EDWIN H. SMITH, JJ., concur.