**STATE of Missouri, Respondent,**

v.

**Aaron R. JOORDENS, Appellant.**

**No. WD 72381.**

Missouri Court of Appeals, Western District.

Aug. 9, 2011.

Michael C. McIntosh, Independence, MO, for Appellant.

Jayne T. Woods, Jefferson City, MO, for Respondent.

Before GARY D. WITT, P.J., JAMES EDWARD WELSH, and ALOK AHUJA, JJ.

JAMES EDWARD WELSH, Judge.

Aaron R. Joordens appeals from the circuit court's order that vacated an amended judgment, which had ordered that his sentences run concurrently, and reinstated the terms of the court's original judgment, which had ordered that his sentences run consecutively. He claims that the circuit court had the authority to enter the amended judgment and misapplied the law in vacating it. We find that, because the circuit court purported to enter the amended judgment and the order vacating the amended judgment after it had lost jurisdiction to do so, those orders were invalid. Pursuant to our supervisory authority to confine a circuit court to its jurisdiction, we remand the case to the circuit court to vacate all orders entered after the final judgment.

Joordens was charged with two counts of possession of child pornography (Counts I and II), endangering the welfare of a child in the first degree (Count III), sexual misconduct (Count IV), statutory rape in the second degree (Count V) and statutory sodomy in the second degree (Count VI). On October 8, 2009, Joordens pled guilty to Counts I and II. A bench trial was set for the four remaining counts.

On January 6, 2010, Joordens pled guilty to Counts V and VI. The State voluntarily dismissed Count IV, and the parties proceeded to a bench trial on Count III. The circuit court acquitted Joordens of the charge in Count III. Thereafter, the circuit court conducted a sentencing hearing on the counts to which Joordens had previously pled guilty. The court sentenced Joordens to consecutive sentences of seven years on Count I, seven years on Count II, six years on Count V, and six years on Count VI.

On January 12, 2010, Joordens filed a motion to reconsider, requesting that the circuit court "on its own motion" grant him probation pursuant to section 559.115, RSMo Cum.Supp.2010.[1] On March 4, 2010, the court set aside the January 6, 2010, judgment and sentences and resentenced Joordens to the same prison terms but ordered that his sentences run concurrently instead of consecutively. This reduced the time that Joordens was to be incarcerated from twenty-six years to seven years.

On March 23, 2010, the circuit court vacated the amended judgment of March 4, 2010, and reinstated the January 6, 2010, judgment, which ordered that Joordens's sentences run consecutively. Joordens appeals. In his sole point on appeal, Joordens claims that the circuit court did not exceed its authority in entering the amended judgment and that the court misapplied the law when it vacated the amended judgment and reinstated the January 6, 2010, judgment.

█ A final judgment in a criminal case occurs "when a *sentence* is entered." *State v. Williams,* 871 S.W.2d 450, 452 (Mo. banc 1994). The court entered Joordens's sentence on January 6, 2010. That sentence was the final judgment in Joordens's case.

█ When a judgment becomes final, the circuit court's ability to act is halted and the appellate court's ability to review commences. *City of Greenwood v. Martin Marietta Materials, Inc.,* 311 S.W.3d 258, 267 (Mo.App.2010). "[O]nce judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. The trial court can take no further action in that case *except when otherwise expressly provided by statute or rule.*" *Simmons v. White,* 866 S.W.2d 443, 445 (Mo. banc 1993) (emphasis added) (citing *State ex rel. Wagner v. Ruddy,* 582 S.W.2d 692, 695 (Mo. banc 1979)); *see also State ex rel. Mertens v. Brown,* 198 S.W.3d 616, 618 (Mo. banc 2006). No statute or rule expressly allowed the circuit court to amend the judgment to order that Joordens's sentences run concurrently rather than consecutively.[2]

1. Commonly referred to as a "120–day call back," this allows the circuit court to utilize a period of shock incarceration prior to probation.

2. Rule 29.13 gives the circuit court the authority to set aside a final judgment under certain circumstances. That rule says:

(a) Within thirty days after the entry of judgment and prior to the filing of the transcript of the record in the appellate court, the court may of its own initiative or on motion of a defendant arrest or set aside a judgment upon either of the following grounds: (1) that the facts stated in the indictment or information do not constitute

■ The circuit court concluded its jurisdiction when it entered the judgment and sentence on January 6, 2010. *In re Estate of Shaw*, 256 S.W.3d 72, 76–77 (Mo. banc 2008).[3] Because the circuit court lacked jurisdiction to modify the sentence after it became final, the circuit court's action on March 4, 2010, purporting to amend the judgment by running the sentences concurrently was of no effect. *Id.* Further, the circuit court's subsequent order on March 23, 2010, purporting to vacate the March 4, 2010, judgment and to reinstate the original final judgment only compounded the error of the circuit court.[4]

■ Joordens argues that, because the State failed to challenge the circuit court's authority in the proceeding to amend the judgment and resentence him, any claim of error was waived.[5] We disagree. The State's acquiescence in the circuit court's actions beyond its jurisdiction cannot endow those actions with a legitimacy that they never enjoyed. The amended judgment and the order vacating the amended judgment and reinstating the January 6, 2010, judgment were invalid. *Id.* at 77.

■ The State asks us to dismiss Joordens's appeal on the basis that, because Joordens is appealing from an order that the circuit court did not have jurisdiction to enter, this court does not have jurisdiction to consider the appeal. If that were the case, then an appellate court would not be able to determine whether a judgment was invalid because it was entered when the circuit court did not have jurisdiction. *Id.* The effect of this "would be to leave the invalid judgment intact." *Id.* Hence, while appellate courts do not have jurisdiction to consider the merits of an appeal unless the circuit court had jurisdiction to determine the issues presented on their merits, "[a]ppellate courts inherently have supervisory authority to confine a trial court to its jurisdiction." *Id.*

Pursuant to our supervisory authority to confine the circuit court to its jurisdiction, we find that the January 6, 2010, judgment and sentence was the final judgment in this case and that all orders entered after that time were invalid. We, therefore, remand the case to the circuit court to vacate all orders entered after the January

an offense; or (2) that the court is without jurisdiction of the offense charged. The court shall specify of record the grounds upon which the order is entered.

    (b) The court may, with the consent of the defendant, order a new trial of its own initiative before the entry of judgment and imposition of sentence but not later than thirty days after the verdict of the jury is returned.
Rule 29.13. The circuit court did not set aside the January 6, 2010, judgment pursuant to Rule 29.13.

3. Although not applicable in this case, the circuit court may enter a valid *nunc pro tunc* order after a judgment becomes final. Rule 29.12; *State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 65 (Mo. banc 2008). A *nunc pro tunc* order is "limited to correcting errors or omissions in the records" and cannot be used

to alter sentences from running consecutively to concurrently, or vice versa. *Poucher*, 258 S.W.3d at 65–66.

4. The actions of the circuit court are completely understandable. After the circuit court entered its amended judgment on March 4, 2010, it became aware of this court's holding in *State ex rel. Scroggins v. Kellogg*, 311 S.W.3d 293 (Mo.App.2010). The circuit court was then faced with a quandary over how it could correct its error. The answer is that it could not for the same reason that it could not amend its final judgment.

5. To further exacerbate the proceedings, the State had appealed the court's "amended" judgment but dismissed the appeal in reliance on the circuit court's action reinstating the original final judgment.

6, 2010, judgment and sentence.[6]

All concur.

---

**6.** We, thus, through our mandate, endow the circuit court with the authority to correct its error of March 4, 2010, the same action it attempted on March 23, 2010, but was then without jurisdiction to execute.