STATE of Missouri, Respondent,

v.

Darren L. PADEN, Appellant.

WD 79544

Missouri Court of Appeals,
Western District.

OPINION FILED: JUNE 20, 2017

MODIFIED July 5, 2017

Motion for Rehearing and/or Transfer
to Supreme Court Denied
August 1, 2017

Application for Transfer Denied.
December 19, 2017

 review in this Court. *See, e.g., J.A.R. v. D.G.R.,* 426 S.W.3d 624, 629–30 (Mo. banc 2014).

John P. O'Connor, Kansas City, MO, Counsel for Appellant.

Evan J. Buchheim, Jefferson City, MO, Counsel for Respondent.

Before Division Three: Anthony Rex Gabbert, Presiding Judge, Victor Howard, Judge, Cynthia L. Martin, Judge

Anthony Rex Gabbert, Judge

Darren L. Paden appeals the circuit court's denial of his Rule 29.07[1] motion to withdraw his guilty plea which alleged a pre-plea misapprehension of the proper range of sentencing induced by the prosecutor, the court, and his own counsel. In his sole point on appeal he contends that the circuit court abused its discretion in denying his Rule 29.07(d)[2] motion because Rules 29.07(d) and 24.02(b)(1)[3] require that a defendant be informed of the proper range of punishment and. the prosecutor, the court, and his own counsel all informed him of the wrong range of punishment resulting in prejudice. We affirm.

Paden was charged with two counts of first-degree statutory sodomy involving Victim that occurred between January 1 and December 23, 2002 (Count I) and January 1 and December 23, 2008 (Count II), when she was under twelve years of age. On August 17, 2015, Paden entered a guilty plea to both counts. During the plea hearing, the prosecutor and defense counsel agreed that Paden was not pleading guilty pursuant to a sentencing recommendation by the State and that the State could "argue . . . up to their lid" of thirty years. The record reflects that the State, the court, defense counsel, and Paden all believed that both counts were required by statute to run consecutively.

The factual basis for the guilty plea was that Paden began watching pornographic

1. All rule references are to Missouri Supreme Court Rules as updated through 2016.

2. Rule 29.07(d) states:
 **Withdrawal of Plea of Guilty.** A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

3. Rule 24.02(b)(1) states: **Advice to Defendant.** Except as provided by Rule 31.03, before accepting a plea of guilty, the court must address the defendant personally in open court, and inform defendant of, and determine that defendant understands, the following: 1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law[.]

videos with Victim when she was five or six years old in 2001 or 2002; he then removed her clothes and put his mouth on her vagina. When he finished doing that, he made Victim put his penis in her mouth. A general pattern of sexual abuse followed, with Paden telling Victim that "this was just their little secret" and that she should not tell her mother or anyone else. The sexual abuse occurred one or two times per month for six years. The last time Victim recalled being sexually abused by Paden was in 2008 or 2009 when she was twelve or thirteen years old. She asked Paden if she could go to a friend's house and he refused to give her permission until she performed oral sex on him. Items found during execution of a search warrant corroborated Victim's statements to police, and Paden later admitted to police that he had sexually abused Victim twice per month from 2001 to 2009.

Paden acknowledged the rights he was waiving by entering a guilty plea, including the right to appeal, and he pleaded guilty to both counts. The court accepted Paden's plea and found him guilty on both counts.

At the beginning of the October 30, 2015 sentencing hearing, the prosecutor stated that the range of punishment was ten to thirty years or life imprisonment, but that the State had agreed to "cap [its] recommendation at thirty years on each count to be run consecutively by operation of law." The court then stated that "the range on this particular charge with consecutive sentence would be a minimum of twenty years and a maximum of sixty years." Defense counsel agreed with the court's assessment on the range of punishment.

Defense counsel argued for leniency because Paden had "accepted responsibility for his conduct" by pleading guilty, and

that when Paden entered the plea, "[h]e did so ... knowing that the best that could happen to him today is twenty years in prison, basically seventeen years or up to sixty years in prison, which would be eighty-five percent of sixty, forty-eight years." Defense counsel asked for a sentence the court deemed appropriate, but noted that even a sentence of fifteen years on each count run consecutively would be the equivalent of a life sentence, considering Paden's age and life expectancy. The State asked for "thirty years on each count to be run consecutively by operation of law." The court sentenced Paden to twenty-five years on each count and ordered "that those terms, by statute, will run consecutively." The Judgment was entered on November 2, 2015.

On January 27, 2016, Paden and the State filed a "Joint Motion to Remand for Further Proceedings" pursuant to Rule 29.12(b)[4], in which the parties informed the plea court that Paden was sentenced to consecutive sentences on the mistaken belief that Section 558.026.1, RSMo 2000, required consecutive sentences. The parties alleged that this was inaccurate because Paden pleaded guilty to crimes that occurred before the 2013 amendment to Section 558.026.1 went into effect. The parties alleged that "[a]t a minimum, further proceedings are required for resentencing" of Paden.

On February 24, 2015, Paden filed a Rule 29.07(d) motion to withdraw his guilty plea. Paden alleged that his guilty plea was entered on the mistaken belief that any sentences he received were required to run consecutively, which made the effective range of punishment from twenty to sixty years. He claimed that he would not

---

**4.** Rule 29.12(b) states: **Plain Error.** Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

have entered into any agreement that deprived him of the opportunity to argue for the statutory minimum of ten years, and that he would have sought a different plea agreement or taken the matter to trial. He claimed that if he had known that he could be awarded a ten-year minimum sentence from a jury, then he would have taken that risk, or sought a different plea arrangement from the prosecution.

A hearing was held on March 11, 2016, addressing the Rule 29.12(b) motion and the Rule 29.07(d) motion. At that hearing, the State offered three pre-plea emails sent by the State to defense counsel that showed that, if Paden chose not to accept the plea offer and intended to proceed to trial, the State intended to amend the charges "to reflect multiple additional counts as a predatory sexual offender." No other evidence or witnesses were presented.

The motion court entered an order on March 21, 2016, denying Paden's Rule 29.07(d) motion to withdraw his guilty plea, granting the parties' joint motion under Rule 29.12(b) to remand for further proceedings, and scheduling a resentencing hearing for April 15, 2016. Before the resentencing hearing took place, Paden appealed the court's denial of his Rule 29.07(d) motion. We address that appeal herein.

In Paden's sole point on appeal he contends that the motion court abused its discretion in denying his Rule 29.07(d) motion to withdraw his guilty plea because Rules 29.07(d) and 24.02(b)(1) require that a defendant be informed of the proper range of punishment, and Paden was not informed of the proper range of punishment, in that the State, the court, and his own counsel all informed him of the wrong range of punishment, and he was preju-

diced thereby because he entered into a plea of guilty that he would not otherwise have entered. He argues that the court had authority to consider his Rule 29.07(d) motion, and decide his included Rule 24.02(b)(1) complaint, because he was recalled from the Department of Corrections for resentencing and his Rule 29.07(d) motion was filed before resentencing and remand to the Department of Corrections. Paden further contends that, pursuant to *State v. Ralston*, 39 S.W.3d 546, 549 (Mo. App. 2001), because he has been remanded from the custody of the Department of Corrections for resentencing he need only show by a preponderance of the evidence that his guilty plea was entered upon mistake or misapprehension, rather than prove the more stringent manifest injustice standard required under Rule 29.07(d) when the motion is made after sentencing.

■ "In reviewing the denial of a motion to withdraw guilty plea pursuant to Rule 29.07, the reviewing court is to determine whether the trial court abused its discretion or was clearly erroneous." *McCoy v. State*, 456 S.W.3d 887, 890 (Mo. App. 2015). "It is the burden of the defendant to prove by a preponderance of the evidence that the motion court erred." *Id.*

■ As a preliminary matter, we first address whether the circuit court had authority to entertain Paden's and the State's Rule 29.12(b) "Joint Motion to Remand for Further Proceedings." Although the appeal herein involves the court's denial of Paden's Rule 29.07(d) motion,[5] Paden argues that the court's ruling on the Rule 29.12(b) motion authorizes his Rule 29.07 motion and also governs his burden of proof on his Rule 29.07 motion. Because our analysis of the Rule 29.07 motion hing-

5. Because Paden's Rule 29.07 motion was filed after sentencing, we have jurisdiction to review its denial. *See McCoy v. State*, 456 S.W.3d 887, 892 (Mo. App. 2015).

es on the validity of the Rule 29.12(b) order, we first review the status of that order.

Paden pled guilty to the charges on August 17, 2015. The court's sentencing Judgment was signed and filed on November 2, 2015. On January 27, 2016, Paden and the State filed their "Joint Motion to Remand for Further Proceedings" pursuant to Rule 29.12(b). The court granted that motion, ordering "that this cause is set for resentencing on the 15th day of April, 2016 at 1:30 P.M." The court had no authority to enter that order.

■■■ "A final judgment in a criminal case occurs 'when a *sentence* is entered.'" *State v. Joordens*, 347 S.W.3d 98, 100 (Mo. App. 2011) (quoting *State v. Williams*, 871 S.W.2d 450, 452 (Mo. banc 1994)).

> When a judgment becomes final, the circuit court's ability to act is halted and the appellate court's ability to review commences. *City of Greenwood v. Martin Marietta Materials, Inc.*, 311 S.W.3d 258, 267 (Mo. App. 2010). '[O]nce judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. The trial court can take no further action in that case *except when otherwise expressly provided by statute or rule.*' *State ex rel. Simmons v. White*, 866 S.W.2d 443, 445 (Mo. banc 1993) (emphasis added) (citing *State ex rel. Wagner v. Ruddy*, 582 S.W.2d 692, 695 (Mo. banc 1979)); see also *State ex rel. Mertens v. Brown*, 198 S.W.3d 616, 618 (Mo. banc 2006).

*Joordens*, 347 S.W.3d at 100. Here, the circuit court concluded its jurisdiction when it entered the November 2, 2015 sentence. No statute or rule expressly allows the circuit court to amend that sentence. *Id.* "Any judgments or orders entered after judgment and sentencing in the absence of such statute or rule authority have been held to be void." *State v. Cain*, 287 S.W.3d 699, 703 (Mo. App. 2009) (citing *Simmons*, 866 S.W.2d at 445). Our courts have consistently held that "Rule 29.12(b) does not provide an independent basis under which a person convicted of a crime can subsequently challenge his conviction or sentence." *Harris v. State*, 48 S.W.3d 71, 71-72 (Mo. App. 2001). Consequently, because the circuit court lacked jurisdiction to modify Paden's sentence after it became final, the circuit court's grant of the parties' joint Rule 29.12(b) motion is void. *Joordens*, 347 S.W.3d at 101. Because the circuit court's Rule 29.12(b) ruling is void, the posture of Paden's Rule 29.07(d) motion is not as Paden argues on appeal.[6]

■■■ Paden contends that, because he "has been remanded from the custody of the Department of Corrections for resentencing," he should be permitted to withdraw his guilty plea pursuant to Rule 29.07 if he shows by a preponderance of the evidence that the guilty plea was entered upon mistake or misapprehension. He emphasizes that his remand was "via a writ of *habeas corpus*" and contends that, pursuant to *State v. Ralston*, his Rule 29.07 motion was proper. We disagree.

---

**6.** There is no right to appeal under Rule 29.12(b) and neither the State nor Paden attempted to appeal the motion court's grant of their joint Rule 29.12(b) motion or the court's order for resentencing. *See State v. McGee*, 417 S.W.3d 260, 261 (Mo. App. 2013). Likewise, neither pursued a writ of mandamus which "is a discretionary writ that is appropriate where a court has exceeded its jurisdiction or authority and where there is no remedy through appeal." *State ex rel. Poucher v.* *Vincent*, 258 S.W.3d 62, 64 (Mo. banc 2008) (internal citation and quotation marks omitted). Nevertheless, "acquiescence in the circuit court's actions beyond its jurisdiction cannot endow those actions with a legitimacy that they never enjoyed." *State v. Joordens*, 347 S.W.3d 98, 101 (Mo. App. 2011). We review the court's ruling on the Rule 29.12(b) motion pursuant to our supervisory authority to confine circuit courts to their jurisdiction. *Id.*

In *Ralston*, the defendant filed a Rule 29.07 motion claiming that his guilty plea to possession of a controlled substance "was unknowing, unintelligent, and involuntary because the plea court incorrectly advised him regarding the maximum range of punishment." 39 S.W.3d at 548. The circuit court denied his motion. *Id.* On appeal, the State contended that Ralston's claim was improperly raised in a Rule 29.07 motion because Rule 24.035 [7] provided the exclusive remedy for his claims. *Id.* at 549. We disagreed on the grounds that, prior to filing the Rule 29.07 motion, Ralston's sentence was vacated after Ralston petitioned the court for writ of *habeas corpus* and the writ was granted. *Id.* He was remanded for resentencing but had not yet been resentenced when he filed his Rule 29.07 motion. *Id.* We found the Rule 29.07 motion authorized pursuant to Rule 29.07's provision that a motion to withdraw a guilty plea is to be made before sentence is imposed and concluded that, "[w]here a judgment remanding a case for resentencing neither affirms or reverses the guilty plea, the sentencing court can consider a Rule 29.07 motion." *Id.*

 *Ralston* is inapplicable here. A petition for writ of *habeas corpus* was never before the circuit court; [8] Paden filed a Rule 29.12(b) motion to remand for further proceedings. The "Writ of *Habeas Corpus Ad Prosequendum*" issued by the court in Paden's case was for the sole purpose of releasing Paden from prison so that he could be present at the March 11, 2016, hearing on the Rule 29.12(b) motion. This is evidenced by the title of the writ, the content of the writ, and the fact that the writ was signed by the court well prior to the hearing on the motion to remand. Because the circuit court had no authority to act on the Rule 29.12(b) motion, its order for resentencing is void. Unlike *Ralston*, Paden's sentence has not been vacated.[9] Consequently, his Rule 29.07(d) motion was not made after a vacated sentence; it was made after sentence was imposed. Because Paden's post-sentencing Rule 29.07(d) motion states grounds for relief cognizable under Rule 24.035, his claims were improperly raised under Rule 29.07(d).[10]

 Rule 29.07(d) provides that, "[a] motion to withdraw a plea of guilty

---

7. Rule 24.035(a) provides:

 A person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections who claims that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, including claims of ineffective assistance of trial and appellate counsel, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentence authorized by law may seek relief in the sentencing court pursuant to the provisions of this Rule 24.035. This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated. ...

8. Nor could it have been as Rule 91.02(a) requires a petition for writ of *habeas corpus* to

be filed in the county in which the person is held in custody.

9. We note that, in granting the joint Rule 29.12(b) motion the circuit court never vacated Paden's sentence; the court merely scheduled a hearing for resentencing.

10. Although Rule 29.07(d) permits a motion to withdraw a plea of guilty after sentence to correct manifest injustice, the normal scope of the procedure is meant to apply only before sentence is imposed. Moreover, a motion to withdraw a plea of guilty after the imposition of sentence constitutes an attack on the validity of the sentence within Rule 24.035(a).

 *State v. Dunn*, 970 S.W.2d 891, 892 (Mo. App. 1998) (internal citations and quotation marks omitted).

may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." "Rule 29.07(d) has a very limited role following the imposition of sentence." *State v. Onate*, 398 S.W.3d 102, 106 (Mo. App. 2013) (citing *Brown v. State*, 66 S.W.3d 721 (Mo. banc 2002)), *overruled on other grounds by State ex rel. Zinna v. Steele*, 301 S.W.3d 510, 517 (Mo. banc 2010). "[A]lthough Rule 29.07(d) may permit broader relief at earlier stages of a criminal proceeding, following the defendant's sentencing and remand to the Department of Corrections a Rule 29.07(d) motion is allowed only if it raises grounds for relief other than those enumerated in Rule 24.035." *Id.* (internal citation and quotation marks omitted). "A claim that a defendant's guilty plea was not knowing and voluntary is a claim 'that the conviction ... violates the constitution and laws of this state or the constitution of the United States,' and therefore falls within the post-conviction claims enumerated in Rule 24.035(a)." *Id.* at 107. Hence, the exclusive means for Paden to have raised the claim that his guilty plea was not knowing and voluntary was through a motion for post-conviction relief under Rule 24.035. *Id.* Likewise,

> [s]ince Rule 24.035 provides the 'exclusive procedure' whereby persons who have pleaded guilty to a felony may obtain relief for their claims that the 'conviction or sentence imposed violates the ... laws of this state[,]' it follows that any post-incarceration attempt to set aside a plea of guilty based upon a violation of Rule 24.02 must ordinarily be raised in a Rule 24.035 motion.

*State v. Sexton*, 75 S.W.3d 304, 308 n.6 (Mo. App. 2002). Consequently, Paden's insistence in his reply brief that Rule 24.02 allows relief, even if Rule 29.07(d) does not, is without merit.

Paden further asserts in his reply brief that, even if he improperly invoked Rule 29.07, the motion was verified under oath and was timely filed with the court within 180 days pursuant to Rule 24.035. He states that "a motion should be classified by what substantive principles it elicits, not its title, and not any magic numbers or words." He suggests that we treat his Rule 29.07 motion as a Rule 24.035 motion, or allow non-conflicted counsel to file a Rule 24.035 motion following our mandate. We decline. Paden's Rule 29.07(d) motion expressly stated: "Defendant is not presently making claims under Rule 24.035, and the grounds stated in this motion do not fall under said rule's exclusive remedy provision. Defendant reserves all rights to timely file a Rule 24.035 for ineffective assistance of counsel." Clearly, Paden was aware of his right to file a Rule 24.035 motion, had the opportunity to file a timely motion, and did not.

The circuit court did not abuse its discretion in denying Paden's Rule 29.07(d) motion. Paden's point on appeal is denied.[11] The motion court's judgment is affirmed. Pursuant to our supervisory authority to confine a circuit court to its jurisdiction, we remand the case to the circuit court to vacate the portion of its March 21, 2016, order which granted the parties' Rule 29.12(b) motion.[12]

All concur.

11. We express no opinion about Paden's eligibility for *habeas* relief pursuant to Rule 91.

12. *See In re Estate of Shaw*, 256 S.W.3d 72, 76-77 (Mo. banc 2008); *Joordens*, 347 S.W.3d at 101.