

# IN THE MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent-Appellant, | ) | |
| | ) | |
| v. | ) | WD85010 |
| | ) | Consolidated with WD85364 |
| | ) | |
| JAQUAN D. WHIRLEY, | ) | Filed:  March 28, 2023 |
| | ) | |
| Appellant-Respondent. | ) | |

**Appeal from the Circuit Court of Cole County**
**The Honorable Cotton Walker, Judge**

**Before Division Four: Gary D. Witt, C.J., and**
**Lisa White Hardwick and Alok Ahuja, JJ.**

This appeal involves an obvious sentencing error which the circuit court quickly recognized, and which it attempted to fix by entry of an amended judgment.  Unfortunately, by the time the circuit court issued its amended judgment, it had lost jurisdiction over the case.  We accordingly reverse the original judgment, vacate the amended judgment, and remand to the circuit court for imposition of the sentence required by statute.

## Factual Background

Jaquan Whirley was charged in the Circuit Court of Cole County with unlawful use of weapons in violation of § 571.030.1(9).[1] The information alleged that Whirley shot a firearm into a habitable structure on or about December 4, 2018, acting alone or in concert with another person. Case No. 21AC-CR01744.

Whirley was sixteen-and-a-half years old at the time of the offense. As a result, a delinquency petition was initially filed in the juvenile division of the circuit court on June 7, 2021. Case No. 21AC-JU00093. On July 15, 2021, the juvenile division entered an order pursuant to § 211.071, dismissing the delinquency petition and ordering that Whirley be transferred to the jurisdiction of the circuit court for prosecution under the general law.

Whirley pleaded guilty to the charge of unlawful use of weapons at a hearing on September 8, 2021. At the hearing, Whirley also entered guilty pleas to multiple additional felonies and misdemeanors which were charged in other cases: first-degree assault; second-degree robbery; receiving stolen property; resisting arrest; second-degree tampering; and possession of a defaced firearm.

Whirley's sentencing hearing on all of the charges was held on November 22, 2021. At his sentencing hearing, the State emphasized "the severity of the charges that the defendant faces and the fact that he's picked these up in such quick succession." The State argued that the court should impose the maximum sentence of fifteen years' imprisonment on each of the class B felonies to which Whirley had pleaded guilty, including the unlawful use of weapons offense:

---

[1] Statutory citations refer to the 2016 edition of the Revised Statutes of Missouri, updated by the 2018 Cumulative Supplement.

The predisposition for violence exhibited by the defendant at such a young age is a grave concern to the State, and we believe that the only way to protect the community and ensure the safety of this community is that the defendant be sentenced to the maximum of 15 years on each of these separate cases.

The State also argued that it had shown leniency to Whirley by dismissing more serious charges against him:

. . . [P]rior to this plea, [Whirley] was looking at the potential of every day of the rest of his life in the Missouri Department of Corrections.  I believe the State has already . . . shown Mr. Whirley a measure of mercy by agreeing to cap our argument at 15 years.  I believe given the severity of the charges and, again, his predisposition for violence regardless of whether or not he's hanging out with the right crowd, I believe that is a more than just outcome for Mr. Whirley given the charges he faces.

Although the State argued for fifteen-year sentences on each of Whirley's class B felonies, it did not inform the circuit court that a fifteen-year sentence was *mandatory* for his unlawful use of weapons conviction by operation of § 571.030.9(1).

At the sentencing hearing, Whirley presented testimony from his mother, stepfather, and a family friend, each pleading for leniency.  Whirley's counsel asked that he be sentenced to concurrent terms of five years on the three class B felonies to which he had pleaded guilty.

Based on its conclusion that "Mr. Whirley may have been a little bit of a follower or otherwise not the most culpable party" in connection with his crimes, the circuit court sentenced him to seven years' imprisonment on all three of the class B felonies.  The court also ordered the sentences to run concurrently.  The circuit court entered written judgments memorializing Whirley's sentences in the various cases on the same day.

The State filed a notice of appeal in the unlawful use of weapons case on November 30, 2021.

On December 3, 2021, the circuit court entered a further order on its own motion, purporting to set aside the November 22, 2021 judgment in the unlawful use of weapons case. The circuit court held a further sentencing hearing on January 4, 2022. During that hearing, the court explained that "after our sentencing hearing in November of last year, the Court discovered that there's a statute that affects what the Court intended to do," and the court had accordingly set aside the original judgment. The court quoted § 571.030.9(1):

> [I]t specifically says, "For the first violation, a person shall be sentenced to the maximum authorized term of imprisonment for a Class B felony," which is the 15 years. And that's why we're doing that now. My understanding is it is not an 85-percent required violation under that section.
>
> So, Mr. Whirley, that's the sentence. It's a 15-year under that section . . . . [I]t doesn't leave me any choice . . . .

Whirley's counsel "object[ed] to the Court reopening the matter," and observed that "[t]he statutory argument was not made at sentencing."

The circuit court issued a new judgment sentencing Whirley to fifteen years for the class B felony of unlawful use of weapons. The court ordered that the sentence run concurrently to the seven-year sentences it had previously imposed for Whirley's other two class B felony convictions.

Whirley appealed the January 4, 2022 amended judgment. This Court consolidated the State's and Whirley's appeals.

4

**Discussion**

**I.**

We begin by addressing our jurisdiction to hear the appeals filed by the State and by Whirley.

Section 547.200.2 provides that "[t]he state, in any criminal prosecution, shall be allowed an appeal in the cases and under the circumstances mentioned in section 547.210 and in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant." Although not expressly stated in the statute, "[a]ppeals under section 547.200.2 . . . may only be sought after a final judgment has been entered." *State v. Smiley*, 478 S.W.3d 411, 415 (Mo. 2016); *see also State v. Burns*, 994 S.W.2d 941, 942–43 (Mo. 1999); *State v. Baker*, 548 S.W.3d 444, 446-47 (Mo. App. W.D. 2018).[2]

The State's appeal satisfies the requirements of § 547.200.2's "catch-all" provision. The State's appeal, which seeks the imposition of a more severe sentence than the one originally imposed, does not violate double jeopardy principles. *United States v. DiFrancesco*, 449 U.S. 117, 132-38 (1980); *see also Pennsylvania v. Goldhammer*, 474 U.S. 28, 30-31 (1985). Moreover, the State appeals from a final judgment. "A judgment in a criminal case is final 'if the judgment disposes of all disputed issues in the case and leaves nothing for future adjudication.' . . . Most often, the question of finality in a criminal case is determined by whether a sentence has been imposed." *State v. Waters*, 597

---

[2] Section 547.200.5 expressly authorizes the Supreme Court to adopt rules "to facilitate the disposition of [the] appeals" authorized under § 547.200. Rule 30.01(a) provides that "[a]fter the rendition of final judgment in a criminal case, every party shall be entitled to any appeal permitted by law."

S.W.3d 185, 187 (Mo. 2020) (quoting *State v. Smiley*, 478 S.W.3d 411, 415 (Mo. 2016); other citations and footnote omitted). The circuit court's November 22, 2021 judgment resolved the only count pending against Whirley in the underlying case, and imposed a final sentence for that count. The judgment was appealable at that time.

We also have jurisdiction to hear Whirley's appeal of the amended judgment. While Whirley's conviction and sentence arose from a guilty plea, the Missouri Supreme Court has only recently held "'that a guilty plea does not bar a claim on appeal "where on the face of the record the court had no power to enter the conviction or impose the sentence."'" *State v. Russell*, 598 S.W.3d 133, 139 (Mo. 2020) (quoting *Class v. United States*, 138 S.Ct. 798, 804 (2018); other citation omitted). This is precisely the argument Whirley makes in his appeal: that the face of the record establishes that the circuit court "had no power to enter" the amended judgment.

Although we ultimately conclude that the amended judgment was void because the circuit court lacked jurisdiction to enter it, we nevertheless have appellate jurisdiction to review – and vacate – that judgment. *State v. Joordens*, 347 S.W.3d 98, 101 (Mo. App. W.D. 2011) ("'[a]ppellate courts inherently have supervisory authority to confine a trial court to its jurisdiction'"; quoting *Est. of Shaw*, 256 S.W.3d 72, 77 (Mo. 2008)).

**II.**

In its appeal, the State argues that the circuit court erred by failing to sentence Whirley to "the maximum authorized term of imprisonment for a class B felony," as required by § 571.030.9(1). We agree.

6

The State failed to preserve its claim that the circuit court was required to impose a fifteen-year sentence for unlawful use of weapons, because it did not raise the argument during Whirley's sentencing hearing. "Sentencing error must be raised during the sentencing hearing to be preserved for appellate review." *State v. Durham*, 371 S.W.3d 30, 39 (Mo. App. E.D. 2012) (citation omitted); *see also State v. Perry*, 548 S.W.3d 292, 300 (Mo. 2018) (holding that a claim of sentencing error was reviewable only for plain error "because [the defendant] failed to object at the sentencing hearing").

Because the issue was not preserved, we review the State's arguments for plain error under Rule 30.20.

> Under plain-error review, we will reverse only if plain error affecting substantial rights results in manifest injustice or a miscarriage of justice. We review for plain error using a two-step analysis. First, we determine whether the record facially establishes substantial grounds to believe plain error occurred. Plain error is error that is evident, obvious, and clear. Second, if plain error has occurred, we then consider whether the error actually resulted in manifest injustice or a miscarriage of justice.

*State v. Sullivan*, 640 S.W.3d 149, 159 (Mo. App. E.D. 2022) (citations omitted).

The relevant statutes required that Whirley receive a fifteen-year sentence for the weapons offense. Whirley pleaded guilty to unlawful use of weapons under § 571.030.1(9), which provides that

> [a] person commits the offense of unlawful use of weapons . . . if he or she knowingly:
>
> > (9)   Discharges or shoots a firearm at or from a motor vehicle, as defined in section 301.010, discharges or shoots a firearm at any person, or at any other motor vehicle, or at any building or habitable structure, unless the person was lawfully acting in self-defense[.]

7

Section 571.030.8(4) specifies that unlawful use of weapons under § 571.030.1(9) is a class B felony. The sentencing range for a class B felony is five to fifteen years' imprisonment. § 558.011.1(2). Despite the generally applicable sentencing range, § 571.030.9(1) mandates that an individual who violates § 571.030.1(9) for the first time "shall be sentenced to the maximum authorized term of imprisonment for a class B felony" – namely, fifteen years.

Because this was Whirley's first violation of § 571.030.1(9), § 571.030.9(1) required that he be sentenced to fifteen years, not seven years. As the circuit court itself recognized, the seven-year sentence it originally imposed clearly conflicts with §§ 571.030.9(1) and 558.011.1(2). Notably, in his brief Whirley "concedes that his sentence of seven years for the crime of unlawful use of a weapon was outside of the range of punishment provided in Section 571.030.9(1)." This was evident, obvious, and clear error.

The original sentence imposed by the circuit court also constituted a manifest injustice. Missouri caselaw has long recognized that "[b]eing sentenced to a punishment greater than the maximum sentence for an offense constitutes plain error resulting in manifest injustice." *State v. Severe*, 307 S.W.3d 640, 642 (Mo. 2010); *see also, e.g., State v. Taborn*, 412 S.W.3d 466, 475 (Mo. App. W.D. 2013); *State v. Stewart*, 113 S.W.3d 245, 248 (Mo. App. E.D. 2003).

The cases cited in the preceding paragraph involve claims by *a defendant* that a sentence imposed by the circuit court *exceeded* the permissible statutory range. In *this* appeal, by contrast, it is *the State* arguing that a sentence *fell below* the punishment required by statute. Whirley argues that plain error review for sentencing errors is available only to criminal defendants, not to the State,

because a sentence which is overly lenient cannot result in "manifest injustice." We disagree.

This Court has only recently held that, in appropriate circumstances, plain-error review is available to the State in a criminal case. We explained that

> [the defendant-respondent] fails to cite any authority that plain error review is not available to the State in a criminal case, and we find none. First, there is nothing in Rule 30.20 that precludes plain error review under the facts of this case. It provides, "[P]lain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Several cases expressly recognize the availability of plain error review to the State in criminal cases. . . . Finally, under these facts [involving the circuit court's erroneous dismissal of a criminal complaint], [the defendant-respondent] is not entitled to the windfall which would result from the application of an incorrect rule such that the State is not provided the opportunity to present its case.

*State v. Jackson-Kuofie*, 646 S.W.3d 312, 317 n.7 (Mo. App. W.D. 2022) (citations omitted); *see also State v. Gordon*, 851 S.W.2d 607, 611 (Mo. App. S.D. 1993) (on plain-error review, finding that the circuit court's erroneous suppression of evidence "resulted in a manifest injustice to the state," because "[t]he state's right to present evidence obtained by reason of its execution of a lawfully issued search warrant is a substantial right.").

It bears emphasis that the State is not simply a faceless, disembodied entity, without significant and vital interests in the proper enforcement of the criminal law. To the contrary, in conducting criminal prosecutions, the State is "the people's representative," "charged with seeing that the criminal laws of the state are honestly and impartially administered, unprejudiced by any motives[.]" *In re Schuessler*, 578 S.W.3d 762, 773 (Mo. 2019). "The State has a compelling

9

interest in protecting the public from crime." *In re Care & Treatment of Norton*, 123 S.W.3d 170, 174 (Mo. 2003) (footnote omitted). In prosecuting crimes the State is responsible for ensuring that justice is afforded to crime victims, to the community at large – and to criminal defendants. Sentencing a criminal defendant below the statutory minimum undermines the State's responsibility to ensure faithful administration of Missouri's criminal laws. Moreover, allowing a defendant to escape the punishment to which their conduct is lawfully subject does not further – but instead subverts – justice: a defendant "is not entitled to the windfall which would result from the application of an incorrect rule" of law. *Jackson-Kuofie*, 646 S.W.3d at 317 n.7.

It is also significant that the circuit court's original judgment had the effect of ignoring the sentence which the General Assembly determined to be appropriate for a first conviction of discharging a firearm at a habitable structure. "The duty and power to define crimes and ordain punishment is exclusively vested in the Legislature." *State ex rel. Williams v. Marsh*, 626 S.W.2d 223, 235 (Mo. 1982) (citing *State v. Raccagno*, 530 S.W.2d 699, 703 (Mo. 1975)). "[O]nly the legislature – not the courts – can create crimes and authorize the punishments that will apply." *State v. Hart*, 404 S.W.3d 232, 246 n.11 (Mo. 2013) (citing *Marsh*). Article II, § 1 of the Missouri Constitution "provides for the separation of power into three distinct departments – legislative, executive, and judicial – and prohibits the exercise of power properly belonging to one of those departments from being exercised by another." *Raccagno*, 530 S.W.2d at 703. Consistent with these principles, we have held that the circuit courts "ha[ve] no discretion to alter a statutorily mandated sentence." *State v. Busey*, 641 S.W.3d

10

282, 293 (Mo. App. W.D. 2021).  If we were to leave the error in the original judgment uncorrected, this would effectively arrogate to the courts the power to define the range of punishment for Whirley's offense, disregarding the legislature's contrary mandate.

Whirley claims that the State has forfeited its right to appellate review, even for plain error.  Whirley argues that the State invited the sentencing error by agreeing to an "open plea"; by stating that it had agreed to a fifteen-year "cap" on Whirley's sentence; and by arguing that the circumstances of Whirley's offense justified a fifteen-year sentence (thus suggesting that the court had *discretion* to sentence Whirley as it deemed appropriate).  As Whirley notes, "an appellate court should not use [plain-error review] to impose a *sua sponte* duty upon a trial court to correct mistakes of a [party]'s own making." *State v. Shockley*, 410 S.W.3d 179, 201 (Mo. 2013) (citing *State v. Bolden*, 371 S.W.3d 802, 806 (Mo. 2012)).  "[U]nder the doctrine of self-invited error, [a] party cannot complain on appeal about an alleged error in which that party joined or acquiesced . . . ." *Schaberg v. Schaberg*, 637 S.W.3d 512, 518 (Mo. App. E.D. 2021) (internal quotation marks omitted).

Whirley also suggests that the State has waived plain-error review.  Waiver of plain-error review occurs only in limited circumstances, however.

> This court has restricted waiver of plain error to cases in which counsel has affirmatively acted in a manner precluding a finding that the failure to object was a product of inadvertence or negligence. When a party affirmatively states that it has no objection to evidence an opposing party is attempting to introduce, for instance, plain error review is unavailable.  Where, on the other hand, . . . the party merely fails to object because of inadvertence or negligence, plain error review should be, and is, available.

11

*State v. Mead*, 105 S.W.3d 552, 556 (Mo. App. W.D. 2003) (citations omitted).

The State has an obligation to accurately advise the circuit court of the law governing the cases it prosecutes, including the applicable statutory sentencing range. The State utterly failed to fulfill that obligation in this case, despite the unequivocal dictates of §§ 571.030.9(1) and 558.011.1(2), which clearly *required* imposition of a fifteen-year sentence for Whirley's weapons conviction. It may be debatable whether the State's default was the result of mere inadvertence, or rather incompetence. What *is* clear, however, is that the State did not *invite* the circuit court's sentencing error. The State did not advocate for the seven-year sentence the circuit court imposed, nor did it affirmatively state that it had no objection to the entry of such a sentence. A seven-year sentence was not a result the State sought, that it welcomed, or in which it affirmatively acquiesced. Although we are troubled that the State did not properly advise the circuit court before the original judgment was entered, it did not waive its right to plain-error review of the sentence imposed by that judgment.

The circuit court plainly erred when it sentenced Whirley to seven years' imprisonment for unlawful use of weapons in its November 22, 2021 judgment.

## III.

As we noted at the outset, the circuit court quickly recognized the sentencing error, and attempted to correct it by vacating its original judgment on December 3, 2021, and entering an amended judgment on January 4, 2022. On appeal, Whirley and the State both argue that the circuit court had no authority to enter the amended judgment, because the court exhausted its jurisdiction when it sentenced Whirley on November 22, 2021. We agree.

12

A determination of the scope of a circuit court's jurisdiction is a question of law that this Court reviews *de novo*. *Grays v. State*, 275 S.W.3d 392, 393 (Mo. App. E.D. 2009).

The law is well-established that, unless authorized by statute or court rule, a circuit court loses jurisdiction to modify the judgment in a criminal case once it imposes sentence. "'[O]nce judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction. It can take no further action in that case except when otherwise expressly provided by statute or rule.'" *State v. Johnson*, 617 S.W.3d 439, 443-44 (Mo. 2021) (quoting *State ex rel. Simmons v. White*, 866 S.W.2d 443, 445 (Mo. 1993)).[3] "In the absence of such authority, any post-sentencing action taken by a trial court is void." *State v. Rall*, 557 S.W.3d 498, 501 (Mo. App. W.D. 2018). "'To allow otherwise would result in a chaos of review unlimited in time, scope, and expense.' Accordingly, any action taken by a circuit court after sentence is imposed is a 'nullity' and 'void' unless specifically authorized by law." *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 230 (Mo. 2017).

As both parties agree, the circuit court lost jurisdiction over Whirley's weapons offense after it sentenced him on November 22, 2021. Neither party cited, nor is this Court aware of, any statute or rule which authorized a post-sentencing amendment of the judgment here.

---

[3] The Missouri Supreme Court clarified and narrowed the scope of the issues which are properly labeled "jurisdictional" in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. 2009). Even post-*Webb*, however, the Court has made clear that "a circuit court 'exhausts its jurisdiction' over a criminal case once it imposes sentence." *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 230 (Mo. 2017) (citation omitted); *see also id.* at 230 n.5.

As in *State v. Joordens*, 347 S.W.3d 98 (Mo. App. W.D. 2011), "[t]he actions of the circuit court are completely understandable." *Id.* at 101 n.4. The circuit court quickly recognized that the original seven-year sentence conflicted with § 571.030.9(1). "The circuit court was then faced with a quandary over how it could correct its error. The answer is that it could not . . . ." *Id.* As the Missouri Supreme Court explained in *State ex rel. Zahnd*, when a circuit court with jurisdiction over a criminal case "enters a sentence that is contrary to law, that sentence is merely erroneous – not void – and the appropriate remedy is a direct appeal[,]" *not* the belated entry of an amended judgment by the circuit court. 533 S.W.3d at 231 (citations omitted); *see also Joordens*, 347 S.W.3d at 100 ("When a judgment becomes final, the circuit court's ability to act is halted and the appellate court's ability to review commences"; citation omitted).

The circuit court exhausted its jurisdiction after Whirley's November 22, 2021 sentencing, and any actions taken by the court after that date are void. Given our disposition, we need not address the State's alternative argument that the circuit court *also* lost jurisdiction because of the State's pending appeal of the original judgment.

## Conclusion

We reverse the circuit court's November 22, 2021 judgment, vacate the court's January 4, 2022 amended judgment, and remand to the circuit court for entry of the fifteen-year sentence required by §§ 571.030.9(1) and 558.011.1(2). We note that, following issuance of our mandate, Whirley would be entitled to move to withdraw his guilty plea to the weapons offense under Rule 29.07(d). *See State v. Knox*, 553 S.W.3d 386, 393 (Mo. App. W.D. 2018) ("Prior to

14

sentencing, the withdrawal of a guilty plea is freely allowed"; citing *Johnson v. State*, 529 S.W.3d 36, 41-42 n.5 (Mo. App. W.D. 2017)).

_____
Alok Ahuja, Judge

All concur.