STATE EX REL. Eric G. ZAHND, Platte County Prosecuting Attorney, Relator,

v.

The Honorable James W. VAN AMBURG, Respondent.

State ex rel. Eric G. Zahnd, Platte County Prosecuting Attorney, Relator,

v.

The Honorable Thomas C. Fincham, Respondent.

Nos. SC 96378 and SC 96382

Supreme Court of Missouri, en banc.

Opinion issued November 21, 2017

requirement." *Eaton v. CMH Homes, Inc.*, 461 S.W.3d 426, 433 (Mo. banc 2015).

The prosecutor was represented by Joseph W. Vanover of Vanover Law LLC in Kansas City, (816) 769-1948.

The defendants were represented by Craig A. Johnston of the public defender's office in Columbia, (573) 777-9977.

W. Brent Powell, Judge

Eric G. Zahnd, prosecuting attorney for Platte County, seeks writs of prohibition directing the Platte County circuit court to vacate its orders sustaining Rule 29.12(b) motions and amending the stealing convictions and sentences of Jesse Nelson and Jack Walker II. Because the circuit court lacked jurisdiction to adjudicate the Rule 29.12(b) motions and amend the judgments, such actions were void and this Court makes permanent its preliminary writs of prohibition.

## I. Factual and Procedural History

In separate cases, Nelson and Walker were charged pursuant to § 570.030.3(1)[1] with a class C felony for stealing property worth $500 or more. Nelson pleaded guilty in August 2015; Walker pleaded guilty in August 2013. The circuit court sentenced Nelson to three years' imprisonment but suspended execution of his sentence and placed him on probation. The circuit court sentenced Walker to seven years' imprisonment but likewise suspended execution of his sentence and placed him on probation.

In 2016, this Court held the offense of stealing could not be enhanced to a felony pursuant to § 570.030. *State v. Bazell*, 497 S.W.3d 263, 266-67 (Mo. banc 2016).[2] Relying on *Bazell*, Nelson and Walker, who were both still on probation, filed motions in the circuit court seeking to amend their convictions and sentences to reflect that stealing property worth $500 or more was a class A misdemeanor rather than a class C felony.[3] Nelson and Walker made their motions pursuant to Rule 29.12(b). The circuit court sustained both motions and amended the judgments in both cases. The judgments were amended to reflect convictions for the class A misdemeanor of stealing rather than class C felonies. Nelson's sentence was reduced to 180 days in jail, and Walker's sentence was reduced to one year in jail.

The prosecuting attorney then sought writs of prohibition directing the circuit court to vacate its orders sustaining the Rule 29.12(b) motions and amending its judgments. Pursuant to article V, § 4.1 of the Missouri Constitution, this Court issued a preliminary writ of prohibition in both cases.

## II. Analysis

"The writ of prohibition, an extraordinary remedy, is to be used with great caution and forbearance and only in cases of extreme necessity." *State ex rel. Douglas Toyota III, Inc. v. Keeter*, 804 S.W.2d 750, 752 (Mo. banc 1991). "The essential function of prohibition is to correct or prevent inferior courts and agen-

---

1. Statutory citations are to RSMo Supp. 2013.

2. Although *Bazell* concerned the stealing of firearms, this Court subsequently held stealing property worth $500 or more also could not be enhanced to a felony. *See State v. Smith*, 522 S.W.3d 221, 229-31 (Mo. banc 2017). Section 570.030 has been amended and, effective January 1, 2017, no longer contains the same language addressed in *Bazell*

and *Smith*. Furthermore, the holdings in *Bazell* and *Smith* apply only prospectively and to cases still pending on direct appeal. *See State ex rel. Windeknecht v. Mesmer*, SC96159, 530 S.W.3d 500, 503, 2017 WL 4479200 (Mo. banc Oct. 5, 2017).

3. The sentence for a class A misdemeanor cannot exceed one year. Section 558.011.1(5).

cies from acting without or in excess of their jurisdiction." *Id.*

A judgment in a criminal case becomes final when a sentence is imposed. *State v. Larson*, 79 S.W.3d 891, 893 (Mo. banc 2002). Therefore, a circuit court "exhausts its jurisdiction" over a criminal case once it imposes sentence. *State ex rel. Simmons v. White*, 866 S.W.2d 443, 445 (Mo. banc 1993); *cf. Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 468-69 (Mo. banc 2011) (holding, in the civil context, a circuit court is "divested of jurisdiction" once its judgment becomes final). "It can take no further action in that case [unless] expressly provided by statute or rule." *Simmons*, 866 S.W.2d at 445. "To allow otherwise would result in a chaos of review unlimited in time, scope, and expense." *Id.* at 446. Accordingly, any action taken by a circuit court after sentence is imposed is a "nullity" and "void" unless specifically authorized by law, *Id.* at 445; *cf. Spicer*, 336 S.W.3d at 469 ("Following divestiture [of jurisdiction], any attempt by the trial court to continue to exhibit authority over the case, whether by amending the judgment or entering subsequent judgments, is void.").

Here, the circuit court, after exhausting its jurisdiction over the criminal cases, took post-sentence action to amend its judgments pursuant to Rule 29.12(b). That rule provides: "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Unlike Rule 24.035 or Rule 29.15, the plain language of Rule 29.12(b) does not provide for an independent post-sentence procedure. *See Vernor v. State*, 30 S.W.3d 196, 197 (Mo. App. 2000). Instead, Rule 29.12(b) presupposes the criminal case is still pending before the circuit court and provides a mechanism for the circuit court to consider plain errors *before* imposing sentence, i.e., while it still retains jurisdiction over the criminal case. *See id.*[4]

Nelson's and Walker's Rule 29.12(b) motions did not extend the jurisdiction of the circuit court after the original sentences were imposed, so the circuit court had no jurisdiction to adjudicate the Rule 29.12(b) motions and amend the judgments. Any action the circuit court took pursuant to Rule 29.12(b) after imposing the sentences was a "nullity" and "void." *See Simmons*, 866 S.W.2d at 445; *cf. Spicer*, 336 S.W.3d at 469. The only action the circuit court could take was to exercise its inherent power to dismiss the motions for lack of jurisdiction.[5] *See Collins & Assocs. Dietary*

---

4. This could occur after the circuit court accepts a guilty plea or guilty verdict from a jury but before imposing sentence.

5. Perhaps hesitant to use the term "jurisdiction" following this Court's opinion in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249 (Mo. banc 2009), the prosecuting attorney suggests the circuit court lacked "authority." Authority concerns a court's power to render a particular judgment or take a particular action in a particular case based on the existing law, while jurisdiction concerns a court's power to render *any* judgment or take *any* action in a particular case. *See id.* at 253-54; *In re Marriage of Hendrix*, 183 S.W.3d 582,

588 (Mo. banc 2006). Because the circuit court lacked jurisdiction to take *any* action other than to dismiss the Rule 29.12(b) motions, the question of whether the circuit court should have overruled rather than sustained the motions based on the existing law—which is a question of authority—is not reached. This case is distinguishable from *State ex rel. Fite v. Johnson*, SC96474, 530 S.W.3d 508, 2017 WL 4930368 (Mo. banc Oct. 31, 2017), which held the circuit court lacked authority rather than jurisdiction, because that case concerned Rule 29.07(d). Rule 29.07(d), unlike Rule 29.12(b), provides for an independent post-sentence procedure. *See* 530 S.W.3d at 510-11.

*Consultants v. Labor & Indus. Relations Comm'n*, 724 S.W.2d 243, 245 (Mo. banc 1987), *superseded by statute on other grounds.*

Nelson and Walker argue the circuit court never exhausted its jurisdiction over their criminal cases because it never rendered a final judgment in either case. As noted, a judgment in a criminal case becomes final when sentence is imposed. *Larson*, 79 S.W.3d at 893. The circuit court entered judgments convicting Nelson and Walker of the class C felony of stealing and sentencing them to three and seven years respectively. Although the circuit court suspended the execution of the sentences in both cases, the judgments were still final when the sentences were imposed. *See State ex rel. Poucher v. Vincent*, 258 S.W.3d 62, 66 (Mo. banc 2008) (explaining that when "a sentence is imposed but then its execution is suspended, the judgment is final and the defendant has a right of immediate appeal").

Nelson and Walker rely on *State v. Morris*, 719 S.W.2d 761, 763 (Mo. banc 1986), wherein this Court held a "sentence that is contrary to the law cannot constitute a final judgment" and is "void." In doing so, this Court cited a court of appeals' decision, *Ossana v. State*, 699 S.W.2d 72 (Mo. App. 1985). In *Ossana*, the court of appeals cited no legal authority for its broad proposition that, "In order to constitute a final judgment, it is axiomatic that the sentence not be contrary to law." *Id.* at 73.

■ This proposition is untenable. It reflects the antiquated concept of "jurisdictional competence"—that a circuit court acts without jurisdiction when it enters a judgment not authorized by statute. *See J.C.W.*, 275 S.W.3d at 254. Since

*Morris* was decided, this Court has roundly rejected "jurisdictional competence." *See id.* "[T]he courts of this state should confine their discussions of circuit court jurisdiction to constitutionally recognized doctrines of personal and subject matter jurisdiction; there is no third category of jurisdiction called 'jurisdictional competence.'" *Id.* As such, if a circuit court with personal jurisdiction over the defendant and subject matter jurisdiction over the case enters a sentence that is contrary to law, that sentence is merely erroneous—not void—and the appropriate remedy is a direct appeal. *See Johnson v. State*, 442 S.W.2d 41, 46 (Mo. 1969); *see also State ex rel. State v. Parkinson*, 280 S.W.3d 70, 75 (Mo. banc 2009) (holding failure to comply with a statute is merely error); *Hendrix*, 183 S.W.3d at 590 (holding a "judgment is not void simply because it is erroneous"). In light of this Court's rejection of "jurisdictional competence," *Morris* cannot be reaffirmed.[6]

■ "[W]here it appears that an opinion is clearly erroneous and manifestly wrong, the rule [of] stare decisis is never applied to prevent the repudiation of such a decision." *Templemire v. W & M Welding, Inc.*, 433 S.W.3d 371, 379 (Mo. banc 2014) (internal quotations omitted). *Morris* is such a decision. Accordingly, it and all decisions holding the same are overruled to the extent they hold a sentence that is contrary to law cannot constitute a final judgment and is void. Such a sentence is only erroneous, and whether erroneous or authorized, "a judgment becomes final when a sentence is entered." *Stevens v. State*, 208 S.W.3d 893, 894 (Mo. banc 2006). Here, the circuit court's judgments were

6. Moreover, to reaffirm *Morris* would violate a fundamental purpose of the post-conviction proceedings provided by Rules 24.035 and 29.15—which are designed, in part, to timely address claims of illegal sentences—and "would result in a chaos of review unlimited in time, scope, and expense." *Simmons*, 866 S.W.2d at 446.

final and its jurisdiction over the criminal cases exhausted.

### III. Conclusion

This Court's preliminary writs of prohibition are made permanent and the circuit court is directed to vacate its orders sustaining the Rule 29.12(b) motions and amending its judgments.

All concur.