EDWARD R. ARDINI, JR., JUDGE
The State appeals the judgment of the Circuit Court of Platte County granting Peter Rall's ("Rall") Motion for Resentencing to Correct Plain Error and Manifest Injustice filed pursuant to Rule 29.12(b) ("Rule 29.12(b) motion").[1] Relying on State v. Bazell , 497 S.W.3d 263 (Mo. banc 2016), Rall requested the trial court amend his stealing conviction from a class C felony to a class A misdemeanor and to be resentenced accordingly. The trial court granted the motion. Because the trial court lacked jurisdiction to grant the motion, we reverse.
FACTUAL AND PROCEDURAL BACKGROUND
In 2011, the State charged Rall as a prior offender with three counts of felony stealing-a single class C count (Count 1) and two class D counts (Counts 2 and 3)-and one count of misdemeanor trespassing (Count 4). Rall pleaded guilty to each charge and, on October 27, 2011, was sentenced to concurrent terms of eight years on Count 1, four years on both Counts 2 and 3, and sixty days on Count 4. Rall was committed to the long-term substance abuse treatment program described in section 217.362 RSMo Supp. 2011[2] and, after successfully completing the program, was placed on probation. On June 20, 2013, the trial court revoked Rall's probation and executed his sentences.
On February 8, 2017, Rall filed his Rule 29.12(b) motion requesting the trial court amend its judgment by reducing his conviction on Count 1 (the class C felony conviction) to a misdemeanor based on State v. Bazell .[3] The State filed written *500 objections arguing, in part, that Rule 29.12(b) did not provide an independent basis by which Rall could challenge his conviction, rendering the trial court without the authority to grant the requested relief.[4]
The trial court granted Rall's Rule 29.12(b) motion, amended Rall's class C felony conviction to a class A misdemeanor, and sentenced him to one year in jail with credit for time served. This appeal followed.
DISCUSSION
We will initially address Rall's argument that the attorney general is not authorized to represent the State in this appeal. Rall argues that section 27.050 bars the attorney general from representing the State in misdemeanor appeals. Section 27.050 provides that "[t]he attorney general shall appear on behalf of the state in the court of appeals and in the supreme court and have the management of and represent the state in all appeals to which the state is a party other than misdemeanors...." This statute does not bar the attorney general from representing the State in misdemeanor appeals; rather, section 27.050 simply describes those cases the attorney general "shall"-i.e., must-handle. See State v. Backues , No. WD80438, 2018 WL 3232634, at *3 (Mo. App. W.D. July 3, 2018). Although section 27.050 does not require the attorney general to handle misdemeanor appeals, as the "chief legal officer of the State," he may handle such appeals if he chooses. See id. (quoting State v. Todd , 433 S.W.2d 550, 554 (Mo. 1968) ). The attorney general is, therefore, authorized to represent the State in this appeal.[5]
Turning to the merits, the State argues that the trial court lacked jurisdiction to amend Rall's judgment and sentence pursuant to Rule 29.12(b). Rall does not argue otherwise. Rather than offer any substantive counter-argument to the State's point, Rall attacks procedural aspects of the appeal.[6] Rall's approach is *501 understandable given the recent Missouri Supreme Court decision in State ex rel. Zahnd v. Van Amburg , 533 S.W.3d 227, 230 (Mo. banc 2017), which held that a trial court has no jurisdiction to adjudicate a Bazell- based Rule 29.12(b) motion after imposing sentence.
A trial court exhausts its jurisdiction over a criminal case once sentence is imposed, and may take further action in the case only if expressly authorized by statute or rule. Van Amburg , 533 S.W.3d at 230. In the absence of such authority, any post-sentencing action taken by a trial court is void. Id.
Rule 29.12(b) does not authorize a trial court to take any post-sentencing action. The Rule provides: "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Unlike Rules 24.035, 29.07(d), and 29.15, Rule 29.12(b) "does not provide for an independent post-sentence procedure." Van Amburg , 533 S.W.3d at 230 & n.5. "Instead, Rule 29.12(b) presupposes the criminal case is still pending before the circuit court and provides a mechanism for the circuit court to consider plain errors before imposing a sentence, i.e., while it still retains jurisdiction over the criminal case." Id. at 230 (emphasis in original).
The trial court exhausted its jurisdiction over Rall's case when it imposed sentence in 2011. Rule 29.12(b) did not provide a means for the trial court to reclaim or resurrect its jurisdiction over the case and thus afforded it no basis to amend its previously entered judgment and sentence. See id. Because the trial court lacked jurisdiction to adjudicate Rall's Rule 29.12(b) motion, the amended judgment and sentence entered by the trial court is void.[7] The State's point is granted.
CONCLUSION
The trial court lacked jurisdiction to grant Rall's Rule 29.12(b) motion. We reverse and remand with directions to the trial court to vacate its order sustaining *502 the Rule 29.12(b) motion and its amended judgment and sentence, and to reinstate its original judgment and sentence.
All concur.

Rule references are to the Missouri Supreme Court Rules (2018).

Statutory references are to the Revised Statutes of Missouri 2016 as supplemented through December 31, 2017, unless otherwise stated.

In Bazell , the Missouri Supreme Court held felony enhancement of a stealing offense under section 570.030.3 RSMo Supp. 2009 only applied when the value of the appropriated property or services was an element of the offense. See 497 S.W.3d at 266-67. Our Supreme Court further found that since the value of the property or services appropriated was not an element of a stealing charge under section 570.030.1, enhancement under section 570.030.3, from a misdemeanor to a class C felony, was not available. See id.
Here, Rall was charged in Count 1 with a class C felony based on section 570.030.3. While Counts 2 and 3 were also felony stealing charges, enhancement to a felony was not founded on section 570.030.3; instead, Counts 2 and 3 were charged as class D felonies based on Rall's previous convictions for stealing-related offenses. See § 570.040.1 RSMo Supp. 2010 (stealing is a class D felony if the defendant has pled or been found guilty of two stealing-related offenses within the last ten years). Because Counts 2 and 3 were enhanced to felonies based on section 570.040, and not section 570.030.3, they are beyond the reach of the Bazell decision and are not relevant to this appeal.

While the State argued below that the trial court lacked authority to adjudicate Rall's Rule 29.12(b) motion, on appeal, it has directed its argument to the trial court's jurisdiction. In the aftermath of J.C.W. ex rel. Webb v. Wyciskalla , 275 S.W.3d 249 (Mo. banc 2009), litigants have been hesitant to use the term "jurisdiction" when challenging a court's power. See State ex rel. Zahnd v. Van Amburg , 533 S.W.3d 227, 230 n.5 (Mo. banc 2017). However, in Van Amburg , an appeal involving a trial court's grant of a Bazell -related Rule 29.12(b) motion and decided while this case was pending before this Court, the Supreme Court specifically discussed the distinction between a trial court's "authority" and "jurisdiction" and noted that although the prosecutor had challenged the trial court's authority, it was more properly a question of jurisdiction. See id. In light of Van Amburg , the State has properly focused its argument on appeal in this case to the trial court's jurisdiction to adjudicate Rall's Rule 29.12(b) motion.

While unnecessary to resolve given our finding that the attorney general has the authority to handle appeals from misdemeanor convictions, we question whether this is such an appeal. The original conviction at issue in this appeal was for felony stealing. Under such circumstances, the attorney general would have clearly been required to represent the State in any direct appeal or appeal from a motion seeking post-conviction relief arising from the underlying conviction. See § 27.050. Similarly, this is an appeal from an attack directed against that same felony conviction. As a result, we find it dubious to characterize this as an appeal from a misdemeanor conviction.

As discussed above, Rall's claim that the attorney general is barred from representing the State in this appeal is meritless. Rall's other procedural arguments fare no better. Rall argues that this Court should not consider the State's arguments on appeal because they were not raised to the trial court. We disagree. The State specifically argued below that Rule 29.12(b) did not provide an independent basis for Rall to challenge his conviction, rendering the trial court without the authority to grant the requested relief. The State has raised this argument on appeal, see n.3, supra , and this Court finds it dispositive.
Rall next asserts that the State has no right to an appeal because the issue raised must be decided by writ. The Missouri Supreme Court has not expressly held that a writ is the exclusive avenue for an appellate court to decide Bazell issues, and it is the opinion of this Court that an order granting a defendant's Bazell -based motion may be reviewed by appeal. See Backues , 2018 WL 3232634, at *1 n.2. Further, Rall's argument ignores section 547.200 and Rule 30.01. Section 547.200.2 gives the State a right to appeal in all criminal cases "except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant" and Rule 30.01 gives every party to a criminal case the right to any appeal permitted by law after entry of a final judgment. The outcome of this appeal will not implicate double jeopardy concerns, and the trial court rendered a final judgment in this case. The State, therefore, is entitled to an appeal.

While we dispose of this appeal on the ground that the trial court lacked jurisdiction to adjudicate the Rule 29.12(b) motion, we further find that Rall is not substantively entitled to relief under Bazell . The holding of Bazell only applies prospectively except for those cases pending on direct appeal. State ex rel. Windeknecht v. Mesmer , 530 S.W.3d 500, 503 (Mo. banc 2017) ; see also State ex rel. Fite v. Johnson , 530 S.W.3d 508, 511 (Mo. banc 2017). Because Bazell does not apply retroactively, it has no application to Rall's case and cannot serve as a basis to amend his conviction for felony stealing. See Backues , 2018 WL 3232634, at * 3.