

# Missouri Court of Appeals
## Southern District

In Division

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD37496 |
| | ) | |
| v. | ) | **Filed: February 28, 2023** |
| | ) | |
| KEVIN RAY JOBE, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF MISSISSIPPI COUNTY

Honorable David B. Pearson, Judge

**<u>REMANDED WITH DIRECTIONS</u>**

This case requires us to determine if the trial court erred in setting aside its original judgment entered on March 28, 2022, sentencing Appellant, Kevin Ray Jobe ("Jobe"), to 15 years' imprisonment for robbery in the second degree (Count 1) and 15 years' imprisonment for assault in the first degree (Count 2), and resentencing him to a greater term of imprisonment on March 30, 2022. Jobe claims the trial court had no authority to set aside the original judgment and resentence him. We agree. We remand to the trial court with directions to vacate its March 30, 2022 order.

**Facts and Procedural Background**

Jobe pleaded guilty to Count 1 and Count 2 on February 14, 2022. On March 28, 2022, the trial court sentenced Jobe in open court to 15 years' imprisonment on Count 1 and 15 years' imprisonment on Count 2, with those sentences to run concurrently. That same day, the trial

court's judgment was memorialized in a docket entry that accurately reflected the trial court's oral pronouncement. The docket entry stated, in relevant part, "[s]entenced to Count 1 - 15 years in DOC and Count 2 - 15 years in DOC concurrent with each other and with Jobe's Scott County cases."

The following day, the trial court made a docket entry indicating it was setting aside the March 28 judgment because it "inadvertently misspoke the sentence on Count 2" and scheduled the case for resentencing on March 30. On March 30, the trial court reiterated it had "inadvertently" set a 15-year sentence for Count 2 but was now sentencing Jobe to 20-years' imprisonment on that count.[1] Jobe objected and stated the trial court did not have jurisdiction once a final judgment had been memorialized in a docket entry. The trial court orally pronounced sentence and entered a docket entry stating Jobe was sentenced to 15 years' imprisonment for Count 1 and 20 years' imprisonment for Count 2, with those sentences to run concurrently with each other and concurrent with Jobe's sentences in other cases. Jobe appeals from the March 30, 2022 judgment.

In a single point, Jobe argues the trial court erred in setting aside the original March 28 judgment and resentencing him in the March 30 judgment. According to Jobe, the trial court had no jurisdiction to hold a new sentencing hearing after March 28 because the trial court issued a final judgment on March 28, which left nothing for future adjudication. The State acknowledges the trial court's resentencing of Jobe "may have been improper," but argues that Jobe must bring his claim in a Rule 24.035 motion rather than in a direct appeal.[2] Before we address the merits of Jobe's claim, we consider whether the State's argument has any merit.

---

[1] This type of mistake is not a clerical mistake that can be corrected via a *nunc pro tunc* order. "Clerical mistakes occur when, *inter alia*, a written sentence and judgment, (1) fails to accurately denominate defendant's counts and convictions on each count; (2) fails to accurately memorialize the jury's verdicts; and/or (3) fails to accurately memorialize the trial court's decision as it was announced in open court." **State v. Brown**, 558 S.W.3d 105, 114 (Mo. App. E.D. 2018).

[2] The State disputes Jobe's characterization of his claim as "jurisdictional" and directs us to **J.C.W. ex rel. Webb v. Wyciskalla**, 275 S.W.3d 249, 253 (Mo. banc 2009) for its clarification that "jurisdiction" refers solely to personal jurisdiction (i.e., the power of a court to require a person to respond to a legal

*Direct Appeal or Rule 24.035 Proceeding*

We find Jobe may raise his claim in a direct appeal. While it is generally true a guilty plea waives all nonjurisdictional defects, including statutory and constitutional guarantees, those waivers are typically limited to matters that occurred prior to the entry of the guilty plea. ***State v. Russell***, 598 S.W.3d 133, 139 (Mo. banc 2020).

***Russell*** guides our analysis. There, a defendant pleaded guilty to felony stealing under section 570.030, received a suspended imposition of sentence, and was placed on probation. ***Id.*** at 136. While on probation, the Supreme Court of Missouri decided ***Bazell***, holding that a stealing violation of section 570.030 was a class A misdemeanor that could not be enhanced to a class C felony.[3] ***Russell***, 598 S.W.3d at 136. After the ***Bazell*** decision, the circuit court in ***Russell*** revoked the defendant's probation, and sentenced the defendant to seven years' imprisonment for the class C felony despite the defendant's objection that ***Bazell*** required him to be sentenced to a class A misdemeanor rather than a felony. ***Russell***, 598 S.W.3d at 136. The defendant filed a direct appeal, arguing the trial court's sentence was excessive. ***Id.*** The State argued even if ***Bazell*** were to apply, the defendant must litigate his claim in a post-conviction proceeding and could not challenge the excessiveness of the sentence in a direct appeal. ***Russell***, 598 S.W.3d at 137. Our Supreme Court rejected the State's argument, holding the defendant could challenge the excessiveness of the sentence in a direct appeal, and noting that a close reading of Rule 24.035, by its terms, defines what claims for relief may be made "in the sentencing court" but is silent as to what claims can be raised in a direct appeal. ***Id.*** at 138 (quoting Rule 24.035(a)).

We see no meaningful distinction between ***Russell*** and the case before us. While ***Russell*** involved a claim the trial court exceeded its authority in imposing the sentence, Jobe

---

proceeding that might affect the person's rights or interest) and subject matter jurisdiction (i.e., the court's authority to render a judgment in a particular category of case).

[3] ***Bazell*** refers to ***State v. Bazell,*** 497 S.W.3d 263 (Mo. banc 2016). "Effective January 1, 2017, section 570.030 no longer contains the same language addressed in ***Bazell***." ***Russell***, 598 S.W.3d at 135 n.2.

claims the trial court exhausted its authority after it imposed the March 28 sentence.  This is a distinction without a difference since the claims in both *Russell* and our instant case relate to errors that occurred *after* the entry of the guilty plea—errors that neither the defendant in *Russell* nor Jobe could knowingly or intelligently waive.[4]  Because Jobe, by pleading guilty, did not knowingly or intelligently waive any claim that the trial court would resentence him after it sentenced him a first time, Jobe's claim can be raised on direct appeal.

*No Authority to Resentence Jobe*

The trial court had no authority to set aside the March 28 judgment and sentence Jobe a second time. A judgment in a criminal case becomes final when a sentence is imposed.  *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 230 (Mo. banc 2017); *State v. Waters*, 597 S.W.3d 185, 187 (Mo. banc 2020).  "[O]nce judgment and sentencing occur in a criminal proceeding, the trial court has exhausted its jurisdiction.  It can take no further action in that case except when otherwise expressly provided by statute or rule." *State v. Johnson*, 617 S.W.3d 439, 443-44 (Mo. banc 2021) (quoting *State ex rel. Simmons v. White*, 866 S.W.2d 443, 445 (Mo. banc 1993)).  "Accordingly, any action taken by a circuit court after sentence is imposed is a 'nullity' and 'void' unless specifically authorized by law." *Van Amburg*, 533 S.W.3d at 230.

Here, the trial court imposed its sentence after accepting Jobe's plea of guilty and stating, on the record at the March 28 sentencing, that the trial court was sentencing Jobe to 15 years' imprisonment on both counts.  This sentence was memorialized via docket entry on that same day.  After imposing its sentence, the trial court had no authority to alter Jobe's sentence.[5]

---

[4] The State cites to *State v. Rohra*, 545 S.W.3d 344, 347 (Mo. banc 2018) for the proposition that the only claims reviewable in a direct appeal following a guilty plea are claims disputing the subject-matter jurisdiction of the circuit court or claims challenging the sufficiency of the charging document.  *Russell*, decided two years after *Rohra*, declared the "broad statements" in *Rohra* and other cases are limited to the rulings on only the issues before the Court in those cases, and otherwise are dicta.  *Russell*, 598 S.W.3d at 138.

[5] Nor does Rule 29.13(a) provide the trial court with the ability to set aside its judgment for the purpose of changing a defendant's sentence.  Under this Rule, the trial court may, within 30 days after the entry of the judgment and prior to the filing of the transcript of the record in the appellate court, set aside a

*See* **State ex rel. Moore v. Brown,** 270 S.W.3d 447, 449 (Mo. App. S.D. 2008) (holding the

trial court had no authority to resentence the defendant after the defendant's sentence was

recorded via docket entry).  Jobe's point is granted.

### Conclusion

The trial court's order dated March 30 resentencing Jobe is void.  The cause is remanded

with directions to the trial court to vacate its March 30 order resentencing Jobe.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCURS

BECKY J. W. BORTHWICK, J. – CONCURS

---

judgment upon the following grounds:  "(1) the facts stated in the indictment or information do not
constitute an offense; or (2) that the court is without jurisdiction of the offense charged."  Rule 29.13(a).
Neither applies to this case.