

# SUPREME COURT OF MISSOURI
## en banc

STATE OF MISSOURI, )     *Opinion issued June 27, 2023*
                         )
         Respondent, )
                         )
v. )     No. SC99658
                         )
LINDSAY MICHELLE FORBES, )
                         )
         Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF SALINE COUNTY
The Honorable Dennis A. Rolf, Judge

A Saline County jury found Lindsay Michelle Forbes guilty of the class B felony of financial exploitation of an elderly person by undue influence, § 570.145.[1] Forbes appeals, arguing the circuit court erred in submitting Instruction No. 5 because it criminalized conduct that is not criminal, erred in setting aside its ruling sustaining Forbes' motion for new trial, and erred in submitting Instruction No. 5 because it violated her right to unanimous verdict pursuant to article I, § 22 of the Missouri Constitution. This case presents an unusual procedural background that requires *sua sponte* determination of whether Forbes' appeal was timely. This Court concludes the circuit court's February 10, 2020, rendition of judgment and sentence was final and, therefore, Forbes' notice of appeal

---

[1] All statutory references are to RSMo Supp. 2012, unless otherwise indicated.

was untimely. The appeal is dismissed, and this Court remands the case with directions to the circuit court to vacate the second judgment and sentence, which was void, and to enter written judgment and sentence of 10 years in accord with the original judgment and sentence rendered.

## Procedural History

The State charged Forbes with the class B felony of financial exploitation of an elderly person by undue influence, § 570.145.[2] The jury found Forbes guilty on September 26, 2019.

On October 18, 2019, Forbes filed a motion for new trial or, alternatively, a motion for a judgment of acquittal. Forbes argued in support of a new trial that the circuit court erred in submitting Instruction No. 5. Forbes argued in support of a judgment of acquittal, that among other things, the evidence was insufficient to support her conviction as charged and the circuit court erred in overruling her motion to dismiss. At a January 13, 2020 hearing on the motion, the circuit court orally sustained the motion for new trial. The circuit court, however, set aside that ruling on January 23, 2020. Thereafter, the circuit court found the motion was overruled by operation of law because more than 90 days had passed since Forbes filed the motion for new trial.[3]

---

[2] According to the charge and verdict director, the relevant act charged is Forbes obtaining control of her father's property, which occurred when the probate division appointed her guardian and conservator on June 29, 2016. Although this statute was amended in 2014, which became effective January 1, 2017, the 2012 version applies here because Forbes' conduct in obtaining her father's assets occurred before the amendments went into effect.

[3] The circuit court indicated at a subsequent hearing that it set aside the January 13 ruling on January 23, 2020, but the docket sheet entry reflects the circuit court on January 31, 2020, setting aside the January 13 order. It is noteworthy, and strange, that in this case there are two circuit court case numbers: 18SA-CR00062-01 and 18SA-CR00062-02. It seems the 01 case number

2

On February 10, 2020, the circuit court held a hearing and sentenced Forbes to 10 years in prison:

> No legal reason having been shown why judgment and sentence should not now be pronounced, based on the evidence presented and take into consideration the arguments of counsel, it is the order, sentence and judgment of this Court that the Defendant be sentenced to 10 years in the Department of Corrections.[4]

The circuit court remanded Forbes to the custody of the sheriff for delivery to the Missouri Department of Corrections, but before she was taken into custody, Forbes requested and was granted an appeal bond. As a condition of her bond, the circuit court ordered her to appear on April 13, 2020, to check the status of any appeal.[5]

At the conclusion of the hearing, the State requested Forbes pay restitution to the victim as a condition of parole. Forbes objected to the restitution amount but did not object to the imposition of restitution as a condition of parole. In response, the circuit court stated it would determine the amount of restitution at the upcoming April 13, 2020, appeal bond status review.

---

reflects the circuit court proceedings through the initial order from the circuit court sustaining Forbes' motion for new trial on January 13, 2020. Thereafter, the 02 case number reflects a Case.net entry from January 31, 2020, reflecting the circuit court setting aside its previous ruling, overruling Forbes' motion for new trial, and setting the case for sentencing on February 10, 2020. Subsequent proceedings are recorded in the docket entries under the 02 case number.

[4] In addition to imposing sentence, the circuit court granted Forbes allocution, advised her of her right to appeal and her rights to postconviction relief pursuant to Rule 29.15, and determined she received effective assistance of counsel in compliance with Rule 29.07(b).

[5] On the very same day, the circuit court entered both a criminal docket sheet and commitment order setting forth the jury's verdict and the sentence imposed. The circuit court orally sentenced Forbes to 10 years, and the criminal docket sheet reflected a sentence of 10 years. The commitment order, however, reflected a sentence of 15 years.

Forbes filed a notice of appeal on February 25, 2020, indicating the judgment she was appealing from was the January 31, 2020, ruling overruling her motion for new trial, and the attached judgment reflected the February 10 sentencing hearing. On February 28, 2020, the court of appeals issued an order requesting suggestions as to why Forbes' appeal should not be dismissed, indicating the appeal was untimely.[6] After receiving Forbes' suggestions, the court of appeals on March 25, 2020, dismissed the appeal for lack of jurisdiction due to the notice of appeal being "either filed untimely if the sentencing judgment on February 10, 2020, is deemed final . . . or filed prematurely if the sentencing judgment is not final." Thereafter, the court of appeals revoked Forbes' appeal bond and on April 8, 2020, issued a warrant for her arrest. The court of appeals did not send its order dismissing the appeal for lack of jurisdiction, however, until April 10, 2020.

Forbes filed a motion for clarification as to why her appeal was dismissed and a motion to recall the warrant for arrest and order of confinement. On May 28, 2020, the court of appeals recalled its arrest warrant, stating, "As the appeal was dismissed as premature, in that the judgment was not final and appealable, the trial court retains jurisdiction over this matter."[7] The circuit court's docket sheet reflects this court of appeals order. The circuit court docket sheet in case 02, however, has an additional entry on May

---

[6] The case number associated with this first appeal is WD83613.

[7] This ruling is in conflict with the court of appeals' decision in *State v. Vandergrift*, No. WD84462, 2022 WL 17587482 (Mo. App. Dec. 13, 2022) (holding it was the oral rendition of judgment that controlled finality), which was transferred to this Court on December 13, 2022. The court of appeals also overruled as moot Forbes' motion for clarification of the dismissal order.

28, 2020, providing "Sentence Withdrawn" with no further explanation or attached documents.

Thereafter, the circuit court continued the appeal bond status review set for April 13, 2020, on separate occasions due to the Coronavirus pandemic and this Court's administrative orders limiting in-person proceedings. A case review and restitution hearing was eventually set for June 22, 2020, and continued several times on July 13, 2020, and July 27, 2020. Subsequently, on September 14, 2020, the circuit court held a hearing and ordered restitution of $26,118.51. After announcing this amount, the circuit court purported to resentence Forbes to 15 years in prison plus $26,118.51 restitution. The circuit court did not go over the statement of defendant's rights as required by Rule 29.07(b) because it acknowledged it went "through this with [her] last time" and would not "bore [her] with it again." On the same day, September 14, 2020, the circuit court entered a written commitment order and a written criminal docket sheet, both reflecting a 15-year prison sentence and the $26,118.51 restitution amount. The text of the commitment order provides: "Original Sentence of 15 years DOC, dated 2/10/2020 set aside 5/28/2020."

Forbes appealed, filing a second notice of appeal on September 22, 2020. On this notice of appeals, Forbes designated the date of judgment she was appealing from was September 14, 2020.[8] The court of appeals consolidated the appeals and issued an opinion. This Court granted transfer and has jurisdiction. Mo. Const. art. V, § 10; Rule 83.04.

---

[8] The court of appeals case number associated with this second appeal is WD84052.

5

## Analysis

This Court has an obligation to determine, acting *sua sponte* when necessary, whether it has jurisdiction to entertain an appeal. *State v. Johnson*, 617 S.W.3d 439, 443 (Mo. banc 2021); *State v. Vandergrift*, No. SC99913, ___ S.W.3d ___, Slip Op. at 5 (Mo. banc June 13, 2023). Section 547.070 sets forth the right to appeal final judgments in criminal cases:

> In all cases of final judgment rendered upon any indictment or information, an appeal to the proper appellate court shall be allowed to the defendant, provided, defendant or his attorney of record shall during the term at which the judgment is rendered file his written application for such appeal.

Any such appeal must be filed not later than 10 days after the judgment appealed from becomes final. Rules 30.01(a) and 81.04(a). As this Court recently unanimously reaffirmed:

> A final judgment is *rendered* when the circuit court orally announces the judgment and imposes sentence in the presence of the defendant. *State v. Vinson*, 87 S.W.2d 637, 639-40 (Mo. 1935); *see also* 1 A.C. Freeman, *A Treatise on the Law of Judgments* § 48, at 80-81 (Edward W. Tuttle ed. 1925) (noting "rendition of judgment is the pronouncement by the court of its conclusions and decision upon the matter submitted to it for adjudication" and clarifying "[a] judgment may be 'rendered' when the decision is officially announced either orally in open court or by memorandum filed with the clerk"); *Rendition of Judgment, Black's Law Dictionary* (11th ed. 2019) (defining "rendition of judgment" as "[t]he judge's oral or written ruling containing the judgment entered").
>
> Once the final judgment has been "rendered," i.e., pronounced orally in the presence of the defendant, a judgment reflecting and memorializing the orally pronounced sentence must be entered in the record. Rule 29.07(c) provides: "A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence." Unlike judgments in civil cases, no rule or statute requires a judgment of conviction be signed by judge. Instead, the entry of a judgment of conviction in the record, though required, is a mere ministerial act, consistent with the fact that the terms of the Rule 29.07(c) judgment of conviction must conform with the oral judgment

6

rendered by the circuit court. *See also* § 546.590 (providing the clerk "shall enter such judgment fully on the minutes"); *see Entry of Judgment*, *Black's Law Dictionary* (11th ed. 2019) (defining "entry of judgment" as "[t]he ministerial recording of a court's final decision, usu[ally] by noting it in a judgment book or civil docket"); *Webster's Third New International Dictionary of the English Language* 1223 (3d ed. 2002) (defining "judgment book" as "a book in which the clerk of a court of record *enters* judgments" (emphasis added)); 1 A.C. Freeman, *A Treatise on the Law of Judgments* § 49, at 83 (Edward W. Tuttle ed. 1925) (noting entry occurs where a court "reduce[s] [its] decisions to writing in some book or record kept for that purpose").

Accordingly, § 547.070 provides that a defendant's statutory right to appeal is triggered by the act of "rendering" or oral pronouncement of the final judgment, not the ministerial act of entering a written judgment.

*Vandergrift*, No. SC99913, ___ S.W.3d ___, Slip Op. at 7-8.

The circuit court can take no further action inconsistent with the oral rendition of sentence except when otherwise expressly provided by statute or rule. *State ex rel. Simmons v. White*, 866 S.W.2d 443, 445 (Mo. banc 1993).[9] *See also Adams v. Crane*, 652 S.W.3d 402, 406 (Mo. App. 2022). "To allow otherwise would result in a chaos of review unlimited in time, scope, and expense." *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 230 (Mo. banc 2017). "Accordingly, any action taken by a circuit court after sentence is imposed is a nullity and void unless specifically authorized by law." *Id.* (internal quotation omitted)*; see also Spicer v. Donald N. Spicer Revocable Living Trust*, 336 S.W.3d 466, 469 (Mo. banc 2011) ("Following divestiture [of jurisdiction], any attempt by the trial court to continue to exhibit authority over the case, whether by amending the judgment or entering subsequent judgments, is void.").

---

[9] "*See*, for example, Rule 24.035, Rule 29.15 and § 217.775, RSMo 1986." *White*, 866 S.W.2d at 445.

While § 559.105 allows the circuit court to order restitution as a condition of parole,[10] no statute or rule expressly authorizes the circuit court to amend a judgment and sentence to order restitution.

> Section 559.105 [] governs restitution in criminal cases. Specifically, [§§] 559.105.1 and .4 allow the circuit court to order restitution as part of a sentence. However, nothing in the Missouri Constitution or statutes provides for such action after sentence is imposed and a criminal judgment is final.

*Adams*, 652 S.W.3d at 406-07 (footnotes omitted). In *Adams*, the court made the preliminary writ permanent to prohibit a circuit court from amending the oral rendition of judgment and sentence based on a plea agreement that contained a provision requiring the defendant to pay restitution because the circuit court did not include the restitution in the oral rendition of judgment. *Id.* at 407.

Finally, "[i]f a material difference exists" between the written judgment and oral pronouncement of sentence, "the oral pronouncement controls." *State ex rel. LaChance v. Bowersox*, 119 S.W.3d 95, 95 (Mo. banc 2003).

This Court recently held that "rendition of final judgment" occurs upon the oral rendition of sentence. *Vandergrift*, No. SC99913, ___ S.W.3d ___, Slip Op. at 7. It is the oral rendition of judgment and imposition of sentence that triggers a criminal defendant's right to appeal pursuant to § 547.070. *Id.* at 8. A criminal defendant is required to file a

---

[10] The relevant provision of § 559.105, RSMo 2016, provides:
> 1. Any person who has been found guilty of or has pled guilty to an offense may be ordered by the court to make restitution to the victim for the victim's losses due to such offense. . . .
> . . .
> 3. Any person eligible to be released on parole shall be required, as a condition of parole, to make restitution pursuant to this section.

8

notice of appeal "within 10 days of rendition of final judgment[,]" i.e. "when the circuit court orally announces the judgment and imposes sentence in the presence of the defendant." *Id.* at 6-7. The timely filing of a notice of appeal after the rendition of final judgment invokes appellate jurisdiction. *Id.* at 11.

In this case, the circuit court rendered final judgment on February 10, 2020, when it orally sentenced Forbes to 10 years in prison.[11] After rendering judgment, the circuit court exhausted its jurisdiction. The circuit court's actions purporting to amend the judgment by withdrawing the sentence rendered on February 10, 2020, and resentencing Forbes, on September 14, 2020, at an appeal bond status hearing, to 15 years in prison plus restitution in the amount of $26,118.51, are a nullity and void.[12]

**Conclusion**

The circuit court rendered final judgment on February 10, 2020. Forbes failed to file a notice of appeal within 10 days, instead filing her notice of appeal 15 days after the circuit court rendered final judgment. Forbes' notice of appeal was, therefore, untimely. Because Forbes failed to timely appeal the circuit court's judgment, this Court does not have appellate jurisdiction. Furthermore, after the circuit court rendered judgment and Forbes filed a notice of appeal, the circuit court had no authority to withdraw the sentence, resentence Forbes or add restitution to the judgment. Therefore, the appeal is dismissed,

---

[11] Although the circuit court's commitment order filed on that same day reflects a sentence of 15 years, the circuit court's oral pronouncement controls. Rule 29.07(b)(1)-(2); *Bowersox*, 119 S.W.3d at 95.

[12] Sections 559.105.1, 559.105.3, and 570.145(2) provide procedures to collect restitution as part of a defendant's sentence. As noted above, however, the circuit court in this case did not order an amount in restitution as part of Forbes' sentence on February 10, 2020.

and this Court remands the case with directions to the circuit court to vacate the second judgment and sentence, which was void, and to enter a written judgment and sentence of 10 years in accord with the original judgment and sentence rendered.

_____
Zel M. Fischer, Judge

All concur.