

# Missouri Court of Appeals

## Southern District

### In Division

BOBBY JOHNSON, )
)
        Appellant, )
) No. SD38084
   vs. )
) FILED: August 14, 2024
STATE OF MISSOURI, )
)
        Respondent. )

APPEAL FROM THE CIRCUIT COURT OF PEMISCOT COUNTY

Honorable David A. Dolan, Judge

**VACATED AND REMANDED WITH DIRECTIONS**

Bobby Johnson ("Movant") appeals the denial of his amended Rule 24.035[1] motion for post-conviction relief. In a single point on appeal, Movant asserts the motion court clearly erred in denying his motion because the trial court "had exhausted its authority to act further in his underlying case after it entered final judgment and, therefore, all subsequent action taken by the court, including his subsequent guilty plea and sentence, are null and void." The trial court initially sentenced Defendant in 2018 under a statute and felony classification that did not exist at that time. The trial court then brought Movant back from the Department of Corrections 83

---

[1] Unless otherwise indicated, all statutory references are to RSMo 2016, including, as applicable, statutory changes effective January 1, 2017. All rule references are to Missouri Court Rules (2023).

days later via a writ, even though no law specifically authorized it to do so. Movant was subsequently prosecuted a second time for the same conduct underlying the initial guilty plea and in 2021 was sentenced anew. Because the trial court exhausted its jurisdiction in 2018 and the motion court clearly erred in holding otherwise, we vacate and remand, finding merit in Defendant's point.

## Factual Background & Procedural History

### Trial Court Proceedings

On July 14, 2017, Respondent filed an information charging Movant with one count of first-degree child molestation pursuant to section 566.067, alleging Movant "knowingly subjected [the victim], who was less than fourteen-years-old, to sexual contact by causing her hand to come into contact with his genitals," and five counts of first-degree statutory sodomy pursuant to 566.062. As part of a plea agreement, Respondent subsequently filed an amended information charging Movant with fourth-degree child molestation for the same alleged conduct, but listed the operative statute as section 566.071. Both the information and the amended information asserted Movant committed the charged conduct "on or between December 25, 2010[,] and December 25, 2012." Movant pleaded guilty and was sentenced to Respondent's recommendation of four years' imprisonment on August 7, 2018. A docket entry was made and the trial court orally pronounced the judgment and sentence, but a formal written judgment was never entered.

On October 24, 2018, the trial court requested that Respondent prepare a writ to have Movant "brought back for this case." There is no record of the basis for the writ. On October 29, 2018, the trial court issued a writ of habeas corpus ordering the Department of Corrections to produce Movant "for the purpose of proceeding with a matter presently pending before this

2

Court[.]"  There were no entries in the record between the trial court's judgment on August 7, 2018, and the trial court's request on October 24, 2018, and Movant neither filed a notice of appeal nor any post-judgment motions with the court during this time challenging the validity of his guilty plea and sentence.  Further, the trial court did not enter any order to set aside its judgment arising from Movant's guilty plea pursuant to Rule 29.13.

Movant subsequently appeared before the court with counsel on November 20, 2018, at which time Respondent filed a second amended information charging Movant with second-degree statutory sodomy under section 566.064.  On September 1, 2020, Movant appeared before the trial court to set a date for trial and the trial court inquired about a tendered plea offer. Respondent replied:

> It's my understanding, before I was appointed special prosecutor in this case, the prosecutor offered to have [Movant] plead guilty and go to be sentenced to, and have that sentence executed in the Department of Corrections for a four-year sentence to the offense of statutory sodomy in the second degree.  Once I was appointed in this case, I conferred with the victims, and, again, made an offer to [Movant].  At this point [Movant] rejected that offer and [Respondent] is proceeding to trial.

Movant indicated at the hearing that he received Respondent's offer and rejected it.  The trial court informed Movant that the offer was being withdrawn by Respondent and stated, "this is the last chance for you to take [the plea offer]."  In response, Movant stated, "I'm going to trial."

Movant filed multiple *pro se* motions for writs of prohibition with the trial court asserting that the trial court exhausted its jurisdiction when it first sentenced Movant to four years' imprisonment because the trial court's judgment was merely erroneous, not void, and further action taken by the trial court was void unless specifically authorized by law.[2]  In support of his

_____

[2] Movant was represented by counsel at the time he filed his *pro se* motions.  Movant also filed a writ of prohibition in this court on February 26, 2021, which was denied on March 11, 2021.

assertions, Movant cited numerous cases including *State ex. rel. Zahnd v. Van Amburg*, 533 S.W.3d 227 (Mo. banc 2017). In a docket entry made on May 19, 2021, the trial court ruled as follows:

> The Court again takes up the pro se Motions that have been filed by [Movant] in this matter. Essentially, in these Motions [Movant] asserts that this case should be dismissed because this Court lost "jurisdiction" to proceed further thirty (30) days following August 7, 2018, at which time the Court sentenced Movant upon a plea of guilty to a defectively drafted charge, set forth in an Amended Information filed that date . . . . With regard to the "jurisdictional" issue presented by [Movant's] Motions, [Movant] has repudiated his earlier plea of guilty and since asserted his right to trial on the properly drafted Second Amended Information so any error associated with that plea and sentencing has been waived by [Movant's] affirmative post-plea conduct and actions . . . . In any event, the defective initial plea of guilty in August 2018 and the sentencing pursuant to that plea was void and a nullity. This Court has never lost "jurisdiction" of this case. All pending pro se Motions are hereby denied.

Respondent subsequently filed a third amended information charging Movant with one count of child molestation in the first degree, a class B felony, pursuant to section 566.067 and two counts of statutory sodomy in the first degree, pursuant to section 566.062. On June 21, 2021, the parties appeared for trial and Respondent announced that it had offered Movant the opportunity to enter an open guilty plea to the first-degree child molestation charge in exchange for dismissal of the remaining charges. After waiving formal reading of the charges, Movant indicated that he desired to plead guilty and the trial court accepted his guilty plea.

On August 3, 2021, Movant appeared along with counsel for sentencing. At that time the court queried counsel on whether he wished to be heard on Movant's *pro se* motions. Movant answered that he would like to be heard and the judge entertained argument from Movant. Movant again argued that the "Van Amburg" case indicated that a defective sentence is not void, but merely erroneous, and the trial court had no authority to re-open the case after he was originally sentenced. The trial court denied Movant's motion, re-adopting its May 19, 2021,

rulings with regard to Movant's previous *pro se* motions, and sentenced Movant to fifteen years' imprisonment with lifetime supervision as a sex offender upon release.

Motion Court Proceedings

On November 5, 2021, Movant timely filed his *pro se* Rule 24.035 motion to vacate, set aside, or correct the judgment or sentence. Counsel on behalf of Movant ("motion counsel") timely filed Movant's amended Rule 24.035 post-conviction relief motion on April 29, 2022. In this motion, Movant alleged that the trial court exhausted its authority to either set aside, or accept the withdrawal of, his August 2018 guilty plea because 30 days had passed since entry of the final judgment in violation of Rule 29.13(a).

At the evidentiary hearing, motion counsel argued that once the trial court renders a final judgment and the 30-day deadline for setting aside the judgment expires, the trial court cannot amend or set aside the judgment. In support of Movant's argument, motion counsel cited ***State v. Jobe***, 660 S.W.3d 700 (Mo.App. 2023). The motion court noted that it was familiar with the case and, with regard to the 30-day deadline in Rule 29.13(a) stated:

> So, I don't think it is an in-stone situation. I think that the Appellate Court, whether it is the Supreme Court or the Southern District, needs to make it a little bit more binding I guess you would say.
>
> The Jobe case is in that footnote, which says, May. The footnote says, May reopen or may resentence. It doesn't say, Shall. It doesn't have the magic words in that. It gives you wiggle room so that the Court can decide one way.
>
> That is on Page 4, the last footnote at the bottom. It says, Under this rule the trial court may within 30 days -- which is your point -- after the entry of the judgment and prior to the filing of the transcript of the record in the Appellate Court set aside a judgment upon the following grounds: The facts stated in the indictment and information do not constitute an offense.
>
> That is what we have [in] the underlying case for [Movant].

5

Respondent argued that Movant repudiated his initial guilty plea by asserting his right to trial on September 1, 2020, and his subsequent guilty plea waived any defects in the trial court proceedings. The motion court pronounced on the record:

> So my finding is basically subject matter jurisdiction didn't exist at the initial plea. And therefore the Court believe[s] [the trial court] under 29.13(a) had the ability to bring [Movant] back and set that aside. And his subsequent plea basically cured the problems . . . . [I]t is this Court's finding in this case that the Court did have jurisdiction and could set that aside and [this court] denies the Movant's motion[.]

In its Order and Judgment, the motion court further held that because "Movant pleaded guilty to a crime that did not exist at the alleged time period, [t]he defect in this case was not in the pleading of the charge but in the lack of the charge itself. The lack of subject matter jurisdiction." Thus, "[t]he trial court in this case did not originally enter a sentence consistent with the law so it did not exhaust its authority." Because the motion court ruled that Movant withdrew his initial plea and subsequently pleaded guilty on June 21, 2021, the motion court denied Movant's Rule 24.035 motion. Movant appeals.

## Standard of Review

"Appellate review of a judgment on a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." *Hefley v. State*, 626 S.W.3d 244, 248 (Mo. banc 2021) (internal quotation marks omitted). "The judgment is clearly erroneous when, upon review of the complete record, there is a definite and firm impression that a mistake has been made." *Id.* (internal quotation marks omitted).

## Discussion

In his sole point on appeal, Movant asserts what he has repeatedly argued to the trial

6

court and the motion court – that the trial court exhausted its jurisdiction[3] after sentencing Movant to four years' imprisonment based on his initial guilty plea, and all subsequent actions taken by the trial court – including accepting his subsequent guilty plea and sentencing him to fifteen years' imprisonment – are void. Movant argues the motion court clearly erred in finding that subject matter jurisdiction did not exist when Movant initially pleaded guilty in August 2018 because a final judgment, even if entered contrary to law, is not void.

Respondent does not argue that the trial court lacked subject matter jurisdiction at Movant's initial guilty plea. Instead, Respondent urges this court to determine that Movant's claim is not cognizable in that Movant does not challenge "the trial court's jurisdiction or that his 2021 guilty plea was unknowingly and involuntarily entered, and [Movant] waived his claim upon pleading guilty a second time to a different charge."

We must first consider the procedural history of the August 2018 guilty plea. In 2018, Respondent filed an information charging Movant with fourth-degree child molestation and listed the operative statute as section 566.071. Movant pleaded guilty and the trial court accepted his guilty plea, sentencing him to four years' imprisonment. A docket entry was made, and the trial court orally pronounced the judgment and sentence, but a formal written judgment was never entered.

Nevertheless, this judgment constituted a final judgment. "A final judgment is *rendered* when the circuit court orally announces the judgment and imposes sentence in the presence of the defendant." *State v. Vandergrift*, 669 S.W.3d 282, 289 (Mo. banc 2023) (citing *State v.*

---

[3] Although Movant states in his point on appeal that the trial court erred because it "exhausted its *authority*" to act, the argument supporting the point describes the problem in terms of both "authority" and "jurisdiction." Movant argued to the trial court that it exhausted its jurisdiction and Movant's amended motion also asserted the trial court exhausted its jurisdiction. It is clear that despite alternating between the labels of "authority" and "jurisdiction," Movant's claim to both the motion court and this Court is that the trial court had exhausted its jurisdiction to set aside the initial guilty plea and sentence.

*Vinson*, 87 S.W.2d 637, 639-40 (1935)). *See also **Zahnd***, 533 S.W.3d at 230 ("A judgment in a criminal case becomes final when a sentence is imposed."). As no other charges were pending before the trial court in this case, Movant's sentence on August 7, 2018, constituted a final judgment, triggering Movant's right to appeal.

Even though the trial court sentenced Movant under section 566.071, a statute which had not yet been adopted at the time the charged conduct allegedly occurred, the trial court's error did not nullify or void its judgment. "[I]f a circuit court with personal jurisdiction over the [Movant] and subject matter jurisdiction over the case enters a sentence that is contrary to law, that sentence is merely erroneous—not void—and the appropriate remedy is a direct appeal." ***Zahnd***, 533 S.W.3d at 231. The proposition that "in order to constitute a final judgment, it is axiomatic that the sentence not be contrary to law" reflects the "antiquated concept of jurisdictional competence" strongly rejected by the Supreme Court of Missouri. *Id*. Contrary to the motion court's holding, the trial court entered an erroneous but valid final judgment sentencing Movant to four years' imprisonment.

Yet, 83 days after oral pronouncement of judgment the trial court brought Movant back before it. The trial court did not try to set aside its earlier judgment, but rather chose to operate as if the matter was still pending by directing Respondent to file a writ of habeas corpus, which sought Movant's return to address "a matter presently pending before this Court." Respondent then filed a second amended information charging Movant with second-degree statutory sodomy. Movant's actions in the second amended information, alleged to have been the basis for the crime, were the same as in the first amended information. Movant asserted his right to trial but continually argued to the trial court that it exhausted its jurisdiction. When the trial court denied his motions, he ultimately pleaded guilty a second time.

8

No law specifically authorized the trial court to either cause a writ of habeas corpus to issue 83 days after the judgment or to accept Movant's subsequent guilty plea. Although the motion court ruled, "So my finding is basically subject matter jurisdiction didn't exist at the initial plea [a]nd therefore the Court believe(s) Judge Reeves under 29.13(a) had the ability to bring [Movant] back and set that aside [a]nd his subsequent plea basically cured the problems," Rule 29.13(a) states the following:

> *Within thirty days after the entry of the judgment* and prior to the filing of the transcript of the record in the appellate court, the court *may* of its own initiative or on motion of a defendant arrest or set aside a judgment upon either of the following grounds: (1) that the facts stated in the indictment or information do not constitute an offense; or (2) that the court is without jurisdiction of the offense charged. The court shall specify of record the grounds upon which the order is entered.

(emphasis added). Contrary to the motion court's ruling, this rule does not give the trial court discretion to waive the 30-day deadline. "The primary rule of interpretation is to apply the plain language of the rule at issue. The Missouri Supreme Court's intent is determined by considering the plain and ordinary meaning of the words in the Rule." *King v. Sorensen*, 532 S.W.3d 209, 215 (Mo.App. 2017) (internal quotation marks omitted). The plain and ordinary language of the rule provides that the court may set aside or arrest a judgment on the specified grounds as long as it does so within 30 days of entry of judgment. *See* **State ex rel. Zinna v. Steele**, 301 S.W.3d 510, 517 n.4 (Mo. banc 2010) ("[A] trial court has control of its judgment for 30 days and could amend it during that period if an error in its entry of judgment were called to its attention, but not thereafter."). Accordingly, since 83 days passed between the trial court's initial judgment and subsequent writ of habeas corpus, the trial court would not have been permitted to set aside its judgment under Rule 29.13(a) even if it had purported to do so, and the motion court clearly erred in ruling otherwise.

Respondent argues that Movant's subsequent guilty plea waived any defects in the

9

proceedings before the trial court. However, Respondent's argument is misplaced. It is true that "[a] guilty plea waives all non-jurisdictional defects, including statutory and constitutional guarantees except to the extent that the plea was not entered knowingly and voluntarily." *Micheaux v. State*, 675 S.W.3d 658, 666 (Mo.App. 2023) (internal quotation marks omitted). "An exception to this general rule of waiver, however, exists where it can be determined on the face of the record that the court had *no power* to enter the conviction or impose the sentence." *Id.* (quoting *Feldhaus v. State*, 311 S.W.3d 802, 805 (Mo. banc 2010)) (emphasis added). Thus, a guilty plea "waives all non-jurisdictional defects, including statutory and constitutional guarantees[,]" only to the extent that the trial court has the power to accept the guilty plea in the first place and enter the corresponding conviction and sentence. *Id*.

A trial court has no power to enter a subsequent conviction or impose a subsequent sentence when it exhausts its' jurisdiction[4] over the case. A trial court "exhausts its jurisdiction" over a criminal case once it imposes sentence. *Zahnd*, 533 S.W.3d at 230 (quoting *State ex rel. Simmons v. White*, 866 S.W.2d 443, 445 (Mo. banc 1993)). The trial court then has no "power to render *any* judgment or take *any* action in a particular case." *Id*. at n.5. "To allow otherwise would result in a chaos of review unlimited in time, scope, and expense." *Id.* at 230 (internal quotation marks omitted). "Accordingly, any action taken by a circuit court after sentence is imposed is a 'nullity' and 'void' unless specifically authorized by law." *Id.*

Since the trial court's August 2018 conviction and sentence was a valid final judgment,

---

[4] The word "jurisdiction" used in this opinion and in *Zahnd* is not to be confused with personal or subject matter jurisdiction. "[P]ersonal jurisdiction refers quite simply to the power of a court to require a person to respond to a legal proceeding that may affect the person's rights or interests," while subject matter jurisdiction implicates "the court's authority to render a judgment in a particular category of case." *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 253 (Mo. banc 2009). Circuit courts have subject matter jurisdiction "over all cases and matters, civil and criminal." MO. CONST. art. V, § 14. Circuit courts have subject matter jurisdiction over the case even when they issue judgments contrary to law. When a trial court exhausts its jurisdiction, it loses only the "power to render *any* judgment or take *any* action in a particular case" and does not lose subject matter jurisdiction. *See Zahnd*, 533 S.W.3d at 230 n.5.

10

the trial court exhausted its jurisdiction over the case. The trial court had no power to render any further judgment or take any action in the case. Yet it brought Movant back, choosing to operate as if the matter was still pending, and accepted Movant's subsequent guilty plea, sentencing Movant to fifteen years' imprisonment. Respondent fails to point this court to any applicable statute or rule which allowed the court to retain jurisdiction once it rendered judgment because there was no law permitting the trial court to retain jurisdiction. Accordingly, we can readily determine on the face of the record that the trial court had no power to accept Movant's subsequent guilty plea and enter Movant's corresponding conviction and sentence. Movant's subsequent guilty plea, accepted by a trial court divested of jurisdiction to act, waived nothing.

Therefore, upon a review of the complete record, the motion court's ruling that Movant's initial guilty plea and sentence were void and that Movant's subsequent guilty plea waived any defects in the proceeding, leaves this court with "a definite and firm impression that a mistake has been made." *Hefley,* 626 S.W.3d at 248 (internal quotation marks omitted).

## Decision

Movant's point is granted. The motion court's order and judgment is vacated and the matter is remanded to the motion court with directions to vacate the 2021 judgment and sentence, and to enter a written judgment and sentence of 4 years' imprisonment in accordance with the August 2018 judgment.

BECKY J.W. BORTHWICK, J. – OPINION AUTHOR

JENNIFER R. GROWCOCK, C.J. – CONCURS

JACK A. L. GOODMAN, J. – CONCURS

11