

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | |
|---|---|
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent, | ) |
| | ) |
| v. | ) WD87379 |
| | ) |
| CODY BOEHMER, | ) Filed: October 7, 2025 |
| | ) |
| Appellant. | ) |

**Appeal from the Circuit Court of Boone County
The Honorable Jeff Harris, Judge**

**Before Division Three: Edward R. Ardini, Jr., P.J.,
and Alok Ahuja and Thomas N. Chapman, JJ.**

Based on his guilty pleas, Cody Boehmer was convicted in the Boone County Circuit Court of first-degree property damage and first-degree trespass. The circuit court sentenced him to a term of imprisonment, and entered a written judgment recording that disposition. The court later entered a separate order requiring Boehmer to pay $188,550.50 in restitution to the victims of his crimes. Boehmer appeals. He argues that the circuit court lacked jurisdiction to enter the restitution order; in the alternative, he contends that the court lacked a sufficient evidentiary basis for the amount of restitution it ordered. Because we conclude that the circuit court had exhausted its jurisdiction prior to entry of the restitution order, we vacate that order.

## Factual Background

Boehmer was charged with two counts of first-degree property damage and two counts of first-degree trespass for unlawfully entering the property of A1 Auto Recyclers in Columbia on two separate nights in July 2022. Prosecutors alleged that, during the two incidents, Boehmer broke out the windows of hundreds of vehicles located on the property. A1 Auto's owner estimated that the damage to the vehicles on the lot, including the owner's personal vehicle, totaled $350,000.

Pursuant to a plea agreement, Boehmer pleaded guilty to one count of first-degree property damage and one count of first-degree trespass; the State dismissed the other two charges.

The circuit court held a plea hearing on July 31, 2023. During the plea colloquy, Boehmer admitted he committed the offense of first-degree trespass and first-degree property damage. Boehmer waived the preparation of a sentencing assessment report, and the court proceeded to sentencing.

During the hearing, the State requested thirty days to file a memorandum concerning restitution with the circuit court. Boehmer's counsel responded, "Yes, your Honor. It's fine." Prior to sentencing Boehmer, the circuit court asked him whether he understood that the State would be requesting that Boehmer be ordered to pay restitution:

> [Court]: [T]he State will be seeking restitution in this case; in other words, requiring you to pay back the amount of damage that the State determines, that it's determined that you caused. Do you understand that?
>
> [Defendant]: Yeah.

Consistent with the parties' agreement, the circuit court sentenced Boehmer to four years' imprisonment for the property damage charge, and 150 days' incarceration on the trespass charge. The circuit court entered a written judgment and sentence on the date of the hearing. The judgment reported the sentences imposed on the two charges to which Boehmer pleaded guilty, and the State's dismissal of the other two charges. The judgment also stated that "[t]he State shall file a restitution memo within 30 days of today's date."

On August 17, 2023, the State filed a memorandum and proposed order, which requested that the court order Boehmer to pay $186,201.25 in restitution to "Victim 1," and $2,349.25 in restitution to "Victim 2." Without conducting any further hearing, the circuit court entered an order requiring restitution in the amounts the State had requested on August 18, 2023. After the circuit court denied his motion to rescind the restitution order, Boehmer filed this appeal.

## Discussion

On appeal, Boehmer challenges both the circuit court's jurisdiction to enter the restitution order, and the evidentiary basis for that order. We address only the jurisdictional issue, because it is dispositive.

Whether a circuit court has jurisdiction is a question of law which we review *de novo*. *State ex rel. State v. Parkinson*, 280 S.W.3d 70, 74-75 (Mo. 2009).

In a criminal case, the circuit court's judgment becomes final on imposition of sentence, and the circuit court lacks jurisdiction to take further action after that point. As the Supreme Court recently explained in *State v. Forbes*, 708 S.W.3d 468 (Mo. 2023):

> A final judgment is *rendered* when the circuit court orally announces the judgment and imposes sentence in the presence of the defendant. . . .
>
> The circuit court can take no further action inconsistent with the oral rendition of sentence except when otherwise expressly provided by statute or rule. To allow otherwise would result in a chaos of review unlimited in time, scope, and expense. Accordingly, any action taken by a circuit court after sentence is imposed is a nullity and void unless specifically authorized by law.

*Id.* at 472-73 (cleaned up). "[A] circuit court 'exhausts its jurisdiction' over a criminal case once it imposes sentence." *State ex rel. Zahnd v. Van Amburg*, 533 S.W.3d 227, 230 (Mo. 2017) (quoting *State ex rel. Simmons v. White*, 866 S.W.2d 443, 445 (Mo. 1993)); *see also, e.g.*, *Johnson v. State*, 696 S.W.3d 84, 92 (Mo. App. S.D. 2024); *State v. Whirley*, 666 S.W.3d 223, 232 (Mo. App. W.D. 2023); *State v. Jobe*, 660 S.W.3d 700, 703 (Mo. App. S.D. 2023).

"No statute or rule expressly authorize[s] [a] circuit court to amend the judgment and sentence to order restitution" at a later date. *State ex rel. Adams v. Crane*, 652 S.W.3d 402, 406 (Mo. App. W.D. 2022). Accordingly, where a circuit court has rendered final judgment in a criminal case by sentencing the defendant, the court has no power to later enter an order imposing a restitution obligation. *Id.* at 407 ("the circuit court did not order restitution as part of Adams' original sentences and attempted to order it after it had exhausted its jurisdiction. . . . [I]ts action . . . purporting to amend the judgment and sentences by ordering restitution was a nullity and void."); *Bosworth v. State*, 559 S.W.3d 5, 10-11 (Mo. App. E.D. 2018) (same).

We recognize that during Boehmer's sentencing hearing, and in its written judgment, the circuit court indicated that it would decide the restitution issue at a later date. The court could not suspend the finality which otherwise attached to

its oral pronouncement of sentence, however.  The Supreme Court faced a similar situation in *Forbes*:

> At the conclusion of the [February 10, 2020 sentencing] hearing, the State requested Forbes pay restitution to the victim as a condition of parole.  Forbes objected to the restitution amount but did not object to the imposition of restitution as a condition of parole.  In response, the circuit court stated it would determine the amount of restitution at the upcoming April 13, 2020, appeal bond status review.

708 S.W.3d at 470-71.  Despite the circuit court's express reservation of the issue of restitution for future determination, the Supreme Court held that the court had exhausted its jurisdiction when it orally pronounced sentence.  The Court explained that "[i]n this case, the circuit court rendered final judgment on February 10, 2020, when it orally sentenced Forbes to 10 years in prison.  After rendering judgment, the circuit court exhausted its jurisdiction." *Id*. at 473-74 (footnote omitted).  Because "the circuit court in this case did not order an amount in restitution as part of Forbes' sentence on February 10, 2020," *id*. at 474 n.12, the circuit court lacked jurisdiction to order restitution two months later.

The Southern District of this Court addressed a similar situation, and reached the identical result, in *State v. Flood*, 687 S.W.3d 194 (Mo. App. S.D. 2024).  In *Flood*, a circuit court accepted a defendant's guilty plea, sentenced the defendant to a term of incarceration, suspended execution of the sentence, and placed the defendant on probation. *Id*.  "The circuit court's written judgment entered that same day stated that Defendant was ordered to pay restitution in an amount 'to be determined by [the] Court on 9/6/2022[.]'" *Id*. at 195.  Although the written judgment in *Flood* "revealed that the circuit court *intended* to include

5

a restitution requirement in its judgment," the Court of Appeals held that the circuit court had exhausted its jurisdiction when it imposed sentence, and could not later order restitution in a specific dollar amount. *Id.* at 196.

Although Boehmer may have acquiesced in the circuit court's later determination of a restitution amount, "neither a trial court's attempts to retain jurisdiction or the parties' acquiescence to any continued jurisdiction can alter the date on which a judgment becomes final." *JWSTL, LLC v. Union Pac. R.R. Co.*, 686 S.W.3d 317, 323 (Mo. App. E.D. 2024); *accord*, *State v. Paden*, 533 S.W.3d 731, 736 (Mo. App. W.D. 2017) (holding that "the circuit court lacked jurisdiction to modify Paden's sentence after it became final," even though sentence modification was made on the *joint motion* of the prosecution and the defendant). A party's "acquiescence in the circuit court's actions beyond its jurisdiction [following entry of final criminal judgment] cannot endow those actions with a legitimacy that they never enjoyed." *State v. Joordens*, 347 S.W.3d 98, 101 (Mo. App. W.D. 2011).

The circuit court exhausted its jurisdiction in this case on July 31, 2023, when it orally pronounced Boehmer's sentence, and memorialized that sentence in a written judgment. Even though Boehmer may have acquiesced, the court lacked jurisdiction to enter a restitution order at a later date. "Because the circuit court lacked jurisdiction to modify the sentence after it became final, the circuit court's action on [August 17, 2023], purporting to amend the judgment by [imposing a restitution obligation] was of no effect." *Id.* Although the circuit court lacked jurisdiction to enter the August 17, 2023 order, "'[a]ppellate courts

inherently have supervisory authority to confine a trial court to its jurisdiction.'"
*Id.* (quoting *In re Estate of Shaw*, 256 S.W.3d 72, 77 (Mo. 2008)).

## Conclusion

The circuit court's order imposing a restitution obligation of $188,550.50 on Boehmer is vacated.

Alok Ahuja, Judge

All concur.